### DARMSTAETTER *v.* HOFFMAN.

1. ASSIGNMENT OF LEASE—LIABILITY FOR RENT.
    Where a lessee assigns his interest in the whole or a part of the demised premises for the entire term, the assignee succeeds to all the rights and liabilities of the original lessee, becoming holden for the rent according to the terms of the lease.

2. SAME.
    The assignee's liability, in the absence of a contrary provision in the lease or the assignment, is to the original lessor.

3. SAME—UNAUTHORIZED ASSIGNMENT.
    But where the lease contains a covenant against assignment without the lessor's consent, one who accepts an unauthorized assignment is liable to his assignor for rent, independent of the question whether the latter has paid the same to the lessor.

Error to Wayne; Frazer, J.  Submitted October 19, 1898.  Decided April 25, 1899.

*Assumpsit* by Rudolph Darmstaetter and others against Charles Hoffman for rent. From a judgment for plaintiffs, defendant brings error. Affirmed.

Hubbard & King leased to plaintiffs certain premises, to be used and occupied as a billiard hall and saloon. On December 5, 1896, this lease was assigned by plaintiffs to one Charles Kudner, and by Kudner, on December 30, 1896, assigned to defendant. One Alexander White was the owner of the pool tables and other personal property situated in this saloon, and on March 21, 1896, executed to plaintiffs a bill of sale, which was in fact a chattel mortgage. White transferred this personal property to one Brun, who went into possession March 21, 1896. Brun remained in possession, and was in possession at the time this suit was brought. Brun was indebted to the defendant, who, in order to secure this claim, purchased plaintiffs' interest in the chattel mortgage, as well as in the lease. Plaintiffs paid Hubbard & King the rent for February, 1897, before commencing this suit, and paid the rent for March, 1897, after suit was commenced. Plaintiffs covenanted in the lease with Hubbard & King to pay the rent, and always paid them, and also covenanted not to assign or transfer it without the written assent of Hubbard & King, who had not recognized defendant as their tenant. The suit was instituted to recover the rent for those two months. Plaintiffs had verdict and judgment.

*William B. Jackson*, for appellant.

*Cutcheon, Stellwagen & Fleming*, for appellees.

GRANT, C. J. (*after stating the facts*). Is defendant liable for the rent? It is the rule that the assignment of a lease, and its acceptance by the assignee, carries with it the obligation to pay the rent. The covenant to pay rent runs with the land. When the assignment is absolute and for the entire term, or for a part of the premises for the entire term, the assignee succeeds to all the rights and

120 MICH.—4.

liabilities of the original lessee. *Lee* v. *Payne*, 4 Mich. 106; *Fennell* v. *Guffey*, 155 Pa. St. 38; *Le Gierse* v. *Green*, 61 Tex. 128; Tayl. Landl. & Ten. §§ 16, 448, 450; 1 Wood, Landl. & Ten. § 337.

Defendant therefore became liable to pay the rent to some one. This brings us to the question, Can plaintiffs maintain the action, and that before paying the rent to Hubbard & King? Plaintiffs' counsel contend that the defendant is virtually the lessee of the plaintiffs, and not of the original lessors, for the reason that Hubbard & King have not looked to the defendant for the rent. As already shown, the covenant to pay rent runs with the land, and the assignee becomes liable to the original lessor, unless there is some provision in the lease or assignment to the contrary. Under such leases the original lessee could not sue his assignee to recover the rent due, until he had paid the lessor. But in this case the lessors have not consented to the assignment. There is nothing in the record to indicate that they had any knowledge of it, or had done any act which could operate as a waiver of this covenant in the lease not to assign. Until Hubbard & King had assented in writing, or had recognized defendant as their tenant, that relation did not exist. The assignment was in direct violation of the terms of the lease. We do not think that the defendant is in a position to deny his liability to plaintiffs until he has made some arrangement with the original lessors validating the assignment. No relation of landlord and tenant exists between the defendant and Hubbard & King until they waive this covenant. We are therefore of the opinion that defendant is not in a position to deny his obligation to pay to plaintiffs, and that they may maintain suit before payment to Hubbard & King.

Judgment affirmed.

The other Justices concurred.