### HARTZ *v.* EDDY.

1. LEASE—VALIDITY—MONOPOLIES—ACTION—ISSUES.
   Where, in an action for the rent due on a lease of a salt plant, the defense is that the lease was executed as a part of the plan of a certain trust to limit the production of salt, raise the price, and create a monopoly, which the lessor knew, and that the defendant was acting for the trust in taking the lease, and not for himself, defendant could not show that the trust was the real principal in the transaction unless he coupled it with an attempt to show the lessor's participation in the scheme.

2. SAME—INSTRUCTION.
   An instruction that defendant was not liable if the lessor knew at the time that defendant was not the real principal was sufficiently favorable to defendant.

3 SAME—SUBSTITUTION OF PARTIES—RELEASE OF LESSEE.
   The mere acceptance of rent money from one other than the lessee is not sufficient to amount to a substitution of parties and release the lessee from his obligation to pay the rent.

4. CONTRACTS—VALIDITY—RESTRAINT OF TRADE.
   A lease of a salt plant wherein it is stipulated that the lessee may make as much or as little salt as he chooses, but that, in case he should cease to operate the plant, he will furnish a

competent watchman for it, is not void on its face, but the question whether its purpose was to restrict the production of salt is, at most, one for the jury.

Error to Wayne; Mandell, J. Submitted April 28, 1905. (Docket No. 112.) Decided June 8, 1905.

Assumpsit by John C. Hartz against Walter S. Eddy for rent. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Thomas A. E. Weadock*, for appellant.

*Adolph & Edmund M. Sloman*, for appellee.

MONTGOMERY, J. This is an action of assumpsit to recover the rent due on a lease of a salt plant made by plaintiff's assignor, the Marine City Stave Company, to the defendant. The lease reserved a rental of $7,500 per annum, payable in monthly installments, and a further rental of one cent per barrel on all salt manufactured in excess of 30,000 barrels per annum. The lessee also agreed to purchase the stock on hand. The lease contained the further provision that the second party was to have the privilege of making as much or as little salt as he may require, but, in case the second party or his assignees should cease to operate the saltworks during the ordinary season, he should furnish a competent watchman to protect the leased property.

The defense was that the lease was executed as a part of the plan of the National Salt Company to limit the production of salt, raise the price, and create a monopoly; that this was known to the lessor; and that defendant was acting for the National Salt Company in taking the lease, and not for himself. As a further defense it was set out that the lease was assigned to the salt company, and that the lessor accepted the salt company as its tenant. The case was tried before a jury, and the plaintiff recovered the

rent reserved and interest. The case is before us on exceptions.

The charge of the court was more favorable to the defendant on the first point than the law would justify. The lease in question was a contract between the Marine Stave Company and the defendant. It is clear that, except as the proposition was coupled with an attempt to show that the National Salt Company was by means of this lease acquiring the use of this property as a step toward stifling competition, and that the Marine City Stave Company was a party to the scheme, it was not open to the defendant to urge that the National Salt Company was the real principal. The judge charged, however, that if the Marine City Stave Company knew at the time that the defendant was not the real principal, the plaintiff could not recover. It is probable that in giving this instruction the trial judge assumed that the other facts essential to render the transaction obnoxious to rules of public policy were sufficiently established if knowledge and participation on the part of the Marine City Stave Company were shown. However this may be, the instruction was sufficiently favorable to defendant if the question of fact was a disputed question. Of this there can be no doubt, as Mr. Heavenrich, the president of the Marine City Stave Company, who negotiated the lease to defendant, testified that he had no knowledge of the National Salt Company until long afterward.

As to the second defense, the circuit judge also submitted the question as a question of fact to the jury as to whether the Marine City Stave Company had released the defendant, Eddy, and accepted the National Salt Company in his stead. We discover no evidence in the record, except the fact that the stave company accepted rent money from the National Salt Company, which reasonably tends to show any substitution of parties. That this is not of itself enough to release the defendant is clear. *Foley* v. *Dwyer*, 122 Mich. 587; *Detroit Pharmacal Co.*

v. *Burt*, 124 Mich. 220. The charge on this branch of the case was therefore sufficiently favorable to the defendant.

The court also submitted to the jury the question whether the lease in question was made with the purpose or intent to limit or control, or in any manner restrict, the production of salt. This question was, at most, a question for the jury, and that tribunal has decided it in favor of the plaintiff.

We do not overlook defendant's contention that the lease was void on its face, but we cannot accede to that contention.

A number of assignments of error are based upon rulings relating to the admission of testimony. As many of the questions presented are strenuously urged, all have been given careful examination, but we are not able to discover any error in the rulings.

The motion for a new trial was properly denied, as upon all the material questions the testimony preponderated in plaintiff's favor.

Judgment affirmed.

Moore, C. J., and Grant, Blair, and Ostrander, JJ., concurred.