### WEBER v. VAN BLERCK MOTOR CO.

1. LANDLORD AND TENANT—LEASE—ASSIGNMENT.

If an absolute assignment is made by a tenant to a third person under a lease providing that no assignment shall be made without the written consent of the lessor, and the assignment is made for the entire term, the assignee succeeds to all the rights and liability of the original lessee, and upon the entrance of the assignee and occupancy of the premises and recognition by the owner of his rights by accepting rent, or otherwise treating him as a tenant, the relationship of landlord and tenant is created.

2. SAME—ASSIGNMENT OF LEASE—RENT.

In an action for rent due, brought by a landlord against an alleged assignee of the original lessee, where it was claimed by defendant that it occupied the premises only temporarily, or from month to month, and that no assignment of the lease was executed, the testimony being in

186 Mich.—29.

conflict whether plaintiff had recognized the defendant as the absolute tenant, the court should have submitted the issue to the jury; the direction of a verdict in favor of the plaintiff being unwarranted by the record.

Error to Wayne; Barton, J., presiding. Submitted April 13, 1915. (Docket No. 52.) Decided June 7, 1915.

Assumpsit by Joseph F. Weber against the Van Blerck Motor Company for use and occupation. Judgment for plaintiff on a verdict directed by the court. Defendant brings error. Reversed.

*Stellwagen & MacKay* (*Hubert G. Haller*, of counsel), for appellant.

*Jasper C. Gates*, for appellee.

The plaintiff was the owner of certain property situated on the Detroit river,. in the city of Detroit, and on this land was a machine shop and a few outbuildings. Prior to the 15th of January, 1910, Joseph Van Blerck had leased the property under an oral agreement with the plaintiff. On January 15, 1910, a written lease was entered into by Mr. Van Blerck with Mr. Weber, renting the property for a term of five years at a rental of $25 per month payable in advance. The lease also contained the following clause:

"Said lessee further covenants that this lease will not be assigned nor the premises sublet nor any part thereof."

In February, 1910, the defendant company was organized, of which company Mr. John S. Haggerty was secretary and treasurer, and which occupied and used the premises in question and itself paid the rent, in compliance with the terms of the lease, directly to the plaintiff. In July, 1912, a fire occurred on the

premises, and thereupon the Van Blerck Motor Company moved out, and since that time no rent has been paid. This action was brought against the defendant company by the plaintiff to recover the rent due at the time of the trial, amounting to $225, and upon motion made by the attorneys for the plaintiff the court directed a verdict for that amount in favor of the plaintiff. The case is brought here by writ of error.

KUHN, J. (*after stating the facts*). It is the claim of the defendant that there was no assignment of the lease, and that, according to the understanding between the defendant company and Mr. Van Blerck, they were simply to occupy the premises from month to month until such time as better quarters were found. There is no question with reference to the rule of law that, where an assignment is absolute and for the entire term, the assignee succeeds to all the rights and liabilities of the original lessee (*Darmstaetter* v. *Hoffman*, 120 Mich. 48 [78 N. W. 1014], and authorities therein cited) ; and, further, that, if an assignee has entered under an assignment and occupied the premises, the relationship of landlord and tenant is created between the owner and assignee if the owner has recognized the assignee as his tenant by the accepting of rent, or otherwise, notwithstanding that the assignment was in direct violation of the terms of the lease. See note to *Field* v. *Copping*, 36 L. R. A. (N. S.) 488. The troublesome question about the situation here presented, however, is whether or not it can be said that the questions whether an assignment was actually made, and, further, whether it was consented to by the plaintiff, were not questions of fact upon this record, which should have been submitted to the jury.

It is denied by Mr. Haggerty, the officer of the defendant company, that an absolute assignment was

made. He said that the occupancy by the company was simply a temporary arrangement made between it and Mr. Van Blerck, and color is given to this claim by the testimony of Thomas M. Weber, son of the plaintiff, who looked after the rents for the plaintiff, and who said that he never knew anybody other than Mr. Van Blerck in the matter of rents, and that no distinction was made between Joseph Van Blerck personally and the Van Blerck Motor Company, and that the bills for the rent, even just prior to the evacuation by the defendant, were sent to Mr. Van Blerck personally.

We are of the opinion that these questions, as to whether or not there was a good and valid assignment, and as to whether or not Mr. Weber assumed there was such an assignment and waived the requirement of the lease prohibiting such an assignment by accepting the checks of the Van Blerck Motor Company, were, upon the record here made, questions of fact for the jury, and should have been submitted to them.

The case will therefore be reversed, and a new trial granted.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.