STEINBERG *v.* FINE.

1. LANDLORD AND TENANT—ACCEPTANCE OF RENT FROM ASSIGNEE OF LESSEE DOES NOT OPERATE AS A RELEASE.

In the absence of an express agreement to release a tenant, the mere acceptance of rents from his assignee with a knowledge of the assignment does not operate to discharge the lessee from liability under the lease; nor is there a release even though the lessor expressly assents to the assignment.

2. SAME—LEASE—FORFEITURE—CLAUSE PROVIDING FOR FORFEITURE STRICTLY CONSTRUED.

Since forfeitures are not favored in the law, a provision in a lease providing for a forfeiture in case of its breach will be strictly construed, and the right of forfeiture limited to a breach of the exact provisions of the forfeiture clause.

3. SAME—INSOLVENCY OF ONE OF COTENANTS NO CAUSE FOR FORFEITURE AS BREACH OF LEASE.

Where copartners leased a building for a term of years, and later one of them bought all of the interest of the other in the business, his insolvency did not authorize a forfeiture of the lease under a clause therein providing for its forfeiture in case of the insolvency of the second party, since the other partner, who was not insolvent, was not released from his obligation to pay rent.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted October 26, 1923. (Docket No. 159.) Decided December 19, 1923. Rehearing denied April 18, 1924.

Summary proceedings by Julius Steinberg against Harry Fine for the possession of leased premises. There was judgment for defendant, and plaintiff appealed to the circuit court by writ of certiorari. Judgment for plaintiff. Defendant brings error. Reversed.

*Friedman & Meyers* (*Myron A. Schlissel*, of counsel), for appellant.

*H. J. Lippman* (*Ralph W. Liddy* and *Ernest W. Ver Wiebe*, of counsel), for appellee.

McDONALD, J. This action was originally heard by the circuit court commissioner of Wayne county. Its purpose was to terminate the interest of the defendant in a certain lease of premises in Detroit, Michigan. The issue was there determined adversely to the plaintiff, who removed the case by writ of certiorari to the circuit court where he recovered a judgment for possession. The defendant is here by writ of error seeking a reversal of this judgment.

The lease in question was made on July 23, 1919, and was for a term of ten years. The parties to it were the plaintiff as lessor and defendant, Harry Fine, and Benjamin Epstein, copartners, as lessees. The only provision of the lease with which we are here concerned is paragraph 11, which reads as follows:

"It is further understood and agreed that if the estate created hereby shall be taken in execution or by other process of law or if the party of the second part shall be declared bankrupt or insolvent according to the law, or any receiver or trustee be appointed for the business or property of the said second party, or if any assignment shall be made of the said second party's property for the benefit of his creditors, or if the said second party shall pledge or mortgage this sub-lease, then in such event, this lease may be canceled at the option of the party of the first part."

A year or more before this proceeding was commenced, Epstein sold all of his interest in the business to his partner, the defendant Fine. Thereafter, Fine conducted the business and paid the rent. The plaintiff knew that Epstein had sold out and that Fine was paying the rent, though he did not give either verbal or written consent to the release of Epstein as a party to the lease. On the 8th of February, 1923, an in-

voluntary proceeding in bankruptcy was begun against Fine, and a receiver of his property and assets was appointed. After the appointment, Fine effected a composition with his creditors and was therefore not adjudicated a bankrupt. On the 27th of February, the plaintiff gave notice of forfeiture of the lease, the notice alleging that it was "all by reason of the insolvency of said Harry Fine, and that the appointment of a receiver for his said business in said leased premises conducted."

The question involved is whether, for the reasons stated in the notice, the plaintiff was entitled to a forfeiture under paragraph 11 of the lease. It is the defendant's claim that the provisions of the lease were not violated because neither of the lessees was declared insolvent; that Epstein was not insolvent and that the bankruptcy court had not declared Fine insolvent at the time of the commencement of the proceedings; that no receiver had been appointed for the business or property of Epstein; that he was one of the parties of the second part mentioned in paragraph 11 of the lease, and was not released by the plaintiff when he withdrew from the business.

The plaintiff seeks a forfeiture of the lease for two reasons, *first,* because of the insolvency of Fine and, *second,* because a receiver was appointed for his property.

It is the contention of the defendant that in order to avail himself of the right of forfeiture the plaintiff must show that a receiver was appointed for the property of Epstein as well as for that of Fine, for the reason that Epstein was not released from liability under the lease by the sale and assignment of his interest in the business to Fine. It is the claim of the plaintiff that, in the circumstance of the assignment, Fine was substituted as the tenant under the lease in place of Fine and Epstein, and thus there was a surrender of the original lease by operation of law; that,

therefore, to entitle him to a forfeiture it was not required that plaintiff should show that Epstein was insolvent or that a receiver was appointed for his property.

On this branch of the case the return of the circuit court commissioner, which is conclusive as to the facts, is as follows:

"Steinberg sometime prior to the bankruptcy, knew that Fine had bought out Epstein's interest in the business; that he did not give any actual consent either verbal or written, to the transfer, and did not release Epstein from any liability under the lease; that he knew Fine was conducting the business himself and accepted rent from him."

There was no agreement by the plaintiff that Epstein should be released and that Fine should be substituted as the sole tenant; there were no acts done from which an intention to release could be inferred, unless it be said that accepting rents from Fine was sufficient to show such intention. This court has held that the mere acceptance of rents is not sufficient to show a substitution of tenants or to release an assignor of a lease from his obligation to pay rent. *Hartz* v. *Eddy*, 140 Mich. 479.

In the absence of an express agreement to release a tenant, the mere acceptance of rents from his assignee with a knowledge of the assignment does not operate to discharge the lessee from liability under the lease; nor is there a release, even though the lessor expressly assents to the assignment.

"The assignment of a lease does not annul the lessee's obligation on his express covenant to pay rent, even though the lessor has assented to such assignment, and collected rent from the assignee, unless the lessor has accepted the surrender of the lease and released the original lessee." 24 Cyc. p. 1177.

"The lessor's accepting rent from the assignee with full knowledge that he holds under an assignment

does not work a surrender by the lessee and a substitution of the assignee, so as to release the lessee from his liability." 16 R. C. L. pp. 846, 847.

See, also, *Foley* v. *Dwyer*, 122 Mich. 587; *Wineman* v. *Phillips*, 93 Mich. 223; *Weber* v. *Van Blerck Motor Co.*, 186 Mich. 449.

Epstein not having been released, but being still one of the parties of the second part in the lease, the question arises, Does the insolvency of one of the parties or the appointment of a receiver for his property, entitle the plaintiff to a forfeiture? We think that it does not. As has been frequently said, forfeitures are not favored in the law. This is especially true when, as in this case, they divest estates. Thus, while the plaintiff may have a right to declare a forfeiture regardless of whether he has suffered any damage by reason of the defendant's breach, the court, following its policy of strict construction, will limit his right to a breach of the exact provisions of the forfeiture clause. These exact provisions give him the right to forfeit the lease if a receiver be appointed for the property of the parties of the second part. If they had intended that there should be a right of forfeiture if a receiver were appointed for only one of the second parties, they quite likely would have said so. We may presume that they intended just what the language imports. If there be any doubt about it such doubt must be resolved against the interest of the lessor. In our view of the case, following the rule of strict construction, the forfeiture clause was not breached by the appointment of a receiver for defendant Fine, who is only one of the parties of the second part.

The judgment of the circuit court is reversed. Defendant will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.