### C. J. NETTING CO. *v.* SILLMAN.

LANDLORD AND TENANT—RIGHTS OF PURCHASER OF LEASE AT EXECUTION SALE A QUESTION OF LAW—EQUITY—JURISDICTION.

Whether an unambiguous provision in a lease permitting the lessors to declare the lease at an end and to exercise right of re-entry in case the lease devolved by operation of law to any person other than the lessee prevented the purchaser at an execution sale from acquiring the lessee's rights as provided by 3 Comp. Laws 1915, § 12956 *et seq.*, is a question of law, and therefore a court of equity has no jurisdiction to restrain a summary proceeding instituted by the lessors to recover possession.

Appeal from Wayne; Goff (John H.), J.    Submitted January 8, 1924.    (Docket No. 7.)    Decided March 5, 1924.

Bill by C. J. Netting Company against Norman H. Sillman and others to enjoin summary proceedings. From an order denying a motion to dismiss, defendants appeal.    Reversed, and bill dismissed.

*A. F. Freeman,* for plaintiff.

*Stevenson, Carpenter, Butzel & Backus* (*William G. Carpenter* and *A. G. Urquhart,* of counsel), for defendants.

WIEST, J.    Defendants Sillman gave the Chinese-American Realty Company a 50-year lease of certain land in the city of Detroit.    The realty company erected a valuable building thereon.    Plaintiff company obtained a judgment against the realty company, levied upon its leasehold interest and, upon execution sale thereof, became the purchaser.    Defendant Peninsular State Bank holds a $75,000 mortgage on the building given by the lessee.    The lease, among other things, provided:

"Said lessee shall not sell or assign this lease without the consent of the lessors in writing.  *  *  *  If this lease shall by operation of law devolve upon or pass to any person or persons other than said lessee (the foregoing being hereinafter referred to as events of defeasance), then the lessors may elect to declare the terms of this lease ended and exercise the right of re-entry and re-possession herein elsewhere conferred in case of default.  *  *  *

"If any rents, taxes, insurance premiums, or any part thereof, shall be in arrears and unpaid for sixty days after they are payable, as above provided, or if default shall be made in any of the other covenants of this lease and such default continue for sixty days after notice is given by the lessors to the lessee, then it shall and may be lawful for the lessors to re-enter into and re-possess the said premises and any building or buildings thereon and the said lessee and each and every other occupant to remove and put out."

Defendants Sillman commenced a summary proceeding before a circuit court commissioner to recover possession and plaintiff filed the bill herein to restrain such proceeding, claiming to be the owner of the lease under its purchase and willing to pay all due thereon upon ascertainment of the amount if protected against the forfeiture provision in the lease. A temporary injunction granted plaintiff was dissolved; a motion to dismiss the case was denied and defendants Sillman have, by leave of this court, appealed. Defendants insist the bill should be dismissed for want of equity and that they be permitted to proceed before the circuit court commissioner.

The provision in the lease permitting the lessors to declare the lease at an end and to exercise right of re-entry in case the lease devolved by operation of law to any person other than the lessee, evidently made the plaintiff uncertain as to its rights under its purchase of the leasehold interest at execution sale. This uncertainty is urged as a reason for filing the bill. The equity side of the court has no more power to relieve plaintiff from such provision than the law side of the court. If the provision is valid the court of equity cannot nullify it. If it is void as to plaintiff the court at law can so hold. The provision is not ambiguous and construction thereof can be given in a suit at law, as was done in *Steinberg* v. *Fine*, 225 Mich. 281. In this proceeding the provision of the lease is not before us for consideration or determination.

Plaintiff says:

"It would, manifestly, be idle, if not foolish, for plaintiff to pay up the back rent to appellants and discharge the deferred taxes if they were to get nothing in return therefor but a basket of ashes, which would be the case here, as appellants had asserted a contract right to not allow or consent to the lease assignment as mentioned in the 'Ninth' clause of the lease."

Probably true, but somewhat inconsistent with plaintiff's claimed rights. If plaintiff is right in its claim of purchase of the leasehold interest then it is wrong in not paying the rent. If plaintiff is wrong in its claim of right under the purchase then it has no business to be in court at all.

The statute, 3 Comp. Laws 1915, § 12956 *et seq.*, makes leasehold interests in lands subject to levy and sale upon execution, and upon sale passes to the purchaser all rights of the lessee; provides against subsequent forfeiture without opportunity being given to the purchaser to comply with the lease, and provides if the purchaser pays any rent to save from forfeiture then, in case of redemption, the amount so paid is to be refunded. The purchaser at the execution sale is given the right to obtain immediate possession, but the deed of conveyance from the officer making the sale, where the unexpired term of the lease exceeds three years, is not to be recorded until the expiration of one year after the sale.

Plaintiff, under its purchase, at the most, stands in the shoes of the lessee. Whether the provision in the lease mentioned prevented execution sale and acquirement of right, as provided by the statute, is a question of law. Uncertainty on this point of law could not operate to relieve plaintiff from paying rent due under the lease, or stay the right of defendants to have rent in accordance with the terms of the lease, and give the court of equity jurisdiction. Under its purchase, and the statute, and the terms of the lease, plaintiff was required to take some chance on being right and had no call to avoid doing so by filing the bill herein. Payment of the rent due would have brought to a head in the summary proceeding the question of law as to the right of the plaintiff therein to judgment of ouster and, if adverse to plaintiff herein, an appeal or certiorari could have been taken. On appeal plain-

tiff would have to give a bond and the lessors would have some assurance of the payment of the rent.

Plaintiff's bill should have been dismissed and is now dismissed, with costs to defendants Sillman.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.