SMITH *v*. APPLEBAUM.

1. JUDGMENT — SUMMARY JUDGMENT PROPERLY ENTERED WHERE AFFIDAVIT OF MERITS INSUFFICIENT.

Where, in an action for rent, plaintiffs were entitled, under 3 Comp. Laws 1915, § 12581, to a summary judgment unless defendant filed an affidavit of merits under Circuit Court Rule No. 34, as amended, from which the court could determine that there existed a good and substantial defense, and the statements in the affidavit filed by defendant, even if proven, would not make a good defense, summary judgment was properly entered.

2. LANDLORD AND TENANT — ASSIGNMENT OF LEASE — CONSENT — NOTICE.

Where a lease provided that it should not be sold or assigned without the consent of the lessor and a bond given for faithful performance, but no such consent or bond was ever given, the fact that the lessor was informed of a pending assignment and agreed to advise later as to whether it would be acceptable, but did not do so, in no way changed the relation of the parties or relieved the lessee from liability for the rent.

3. SAME—WAIVER—ASSIGNMENT—ACCEPTANCE OF CHECKS.

Acceptance of checks in payment of rent signed by one other than the lessee may not be construed as consent to an assignment of the lease to the signer of the checks or a waiver of the provision in the lease against assignment without consent of the lessor, where the checks were not tendered conditionally.

Error to Wayne; Hunt (Ormond F.), J.  Submitted January 11, 1928.  (Docket No. 61.)  Decided January 19, 1928.

Assumpsit by Henry C. Smith and another against Isaac Applebaum for rent.  Summary judgment for plaintiffs.  Defendant brings error.  Affirmed.

[1]Judgments, 34 C. J. § 433; [2]Landlord and Tenant, 35 C. J. § 75 (Anno); [3]Landlord and Tenant, 35 C. J. § 71.

*Groesbeck, Sempliner, Kelly & Baillie (Jason L. Honigman,* of counsel), for appellant.

*Oxtoby, Robison & Hull,* for appellees.

SHARPE, J. On July 11, 1927, plaintiffs brought this action to recover the rental due from defendant under a 99-year lease of certain premises in the city of Detroit, entered into on December 29, 1922. A copy of the lease was annexed to the declaration. The bill of particulars stated the specific installments claimed to be due. Defendant pleaded the general issue. On September 12th, plaintiffs moved for summary judgment. The motion was supported by the affidavit of Henry C. Smith, and was full and complete in every respect. On behalf of defendant an affidavit of merits, made by his son, Harry R. Applebaum, was filed, which, omitting the formal parts, reads as follows:

"That the cause of action arises upon a written lease, dated the 29th day of December, 1922, between the plaintiffs and the defendant; that the action is brought for installments due upon said lease which it is claimed the defendant has failed to pay; that the defendant is not indebted for said installments to said plaintiffs; that upon the 30th day of July, 1925, a corporation was formed under the laws of the State of Michigan, known as the Applebaum Realty Company, unto which corporation said defendant, Isaac Applebaum, conveyed certain property located within the State of Michigan which property was of the value of one hundred and seventy-one thousand and ten dollars ($171,010); that the stock in said company with the exception of one share was issued to the children of said defendant, Isaac Applebaum, or for their benefit; that among the property so transferred was the leasehold interest for payments under which this suit is brought; that deponent personally advised plaintiffs of said assignment and stated to plaintiffs that if said assignment was not accepted by them, and the defendant, Isaac Applebaum, released from the obligations of said lease, said corporation would not accept

the leasehold or pay rental thereunder; that deponent was advised by the plaintiff, Henry C. Smith, that he, the said plaintiff, would subsequently advise deponent whether the plaintiffs would agree to the assignment of said lease to said Applebaum Realty Company, and to the release of Isaac Applebaum from the obligations thereof; that this conversation took place just prior to the incorporation of said company and that subsequently said company paid to plaintiffs, relying upon said proposal, the rental of said premises by the check of said Applebaum Realty Company as follows: July 21, 1925; October 19, 1925; January 25, 1926; April 27, 1926; August 17, 1926; December 15, 1926; March 11, 1927; all of which checks being for two thousand two hundred and fifty dollars ($2,250.00), and each of them bearing the indorsement of H. C. Smith or Henry C. Smith, the plaintiff in this action.

"That because of the foregoing, the said lease has been considered and is the property of the Applebaum Realty Company, said corporation, with the consent of the plaintiffs, and the defendant, Isaac Applebaum, has been relieved from the obligations under said lease, and the defendant, Isaac Applebaum, is not indebted to the plaintiffs under said declaration."

The trial court held this affidavit insufficient, and, after the plaintiff Henry C. Smith had testified to the amount due under the lease and the interest thereon, entered a judgment for the plaintiffs for $4,577.48, of which defendant seeks review by writ of error.

Under the statute (3 Comp. Laws 1915, § 12581), the plaintiffs were entitled to a summary judgment unless defendant filed an affidavit of merits. The requirements of such an affidavit under Circuit Court Rule No. 34, as amended (233 Mich. xxxiii), were discussed at some length by Mr. Justice McDONALD in the recent case of *Warren Webster & Co.* v. *Pelavin, ante,* 19, 20. It was there said:

"It was intended by the amendment that the facts should be stated with such particularity that the court could determine if there was a good and substantial defense.   *   *   *   Since the amendment, it is the

duty of the court to determine if there is a real defense to the action."

The 19th paragraph of the lease reads, in part, as follows:

"The said lessee further agrees that he may not sell or assign this lease and be released from liability thereon until he has given, or caused to be given, a good and sufficient surety bond in the sum of fifty thousand ($50,000) dollars, conditioned upon and guaranteeing the performance of all of the terms, conditions and covenants of this lease."

The statements in the affidavit of merits, if proven on the trial, would not establish the fact that the realty company had been substituted as lessee in the place of the defendant. That affiant sought the consent of Henry C. Smith to a transfer of the lease from the defendant to the company, and that Smith informed him that he would later advise him if such consent would be given, in no way changed the relation of the parties. It is not claimed that such consent was given. The acceptance of the checks of the corporation for rent subsequently falling due cannot be construed into such a consent or into a waiver of the provision in the lease above quoted. The checks were not tendered conditionally. The rent might have been paid by the check of any person if accepted by plaintiff and payment thereon had. It is conceded that the rent was due and unpaid. A judgment was properly entered therefor.

It is affirmed, with costs to appellees.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and BIRD, JJ., concurred. FLANNIGAN, C. J., did not sit.