ENGEL *v.* KLATT.

LANDLORD AND TENANT—RELEASE—ASSIGNMENT.

Where lessee joined with lessor and assignee of lease in written agreement whereby lessor reduced the rent to be paid ''upon the express understanding, condition and agreement'' that no new tenancy should be thereby created or ''abandonment or modification'' be made of any of the other terms contained in the lease, lessee was not thereby released from his obligation to pay taxes and rent under the lease as modified by said agreement.

Error to Wayne; Miller (Guy A.), J. Submitted April 15, 1930. (Docket No. 100, Calendar No. 34,913.) Decided June 2, 1930.

Assumpsit by John Engel against William F. Klatt for money due under written lease. From a summary judgment for plaintiff, defendant brings error. Affirmed.

*Lodge & Brown,* for plaintiff.

*Wurzer & Wurzer (John T. Higgins,* of counsel), for defendant.

SHARPE, J. In the bill of particulars annexed to plaintiff's declaration he made claim for one month's rent of premises leased to defendant and for State and county and city taxes paid by him, in all the sum of $9,272.50. With his plea of the general issue, defendant gave notice that he would show at the trial ''that he has been released by plaintiff from the lease and obligations alleged in said

declaration," and filed demand for a jury trial. Soon thereafter, plaintiff's attorneys filed a motion for a summary judgment, to which was attached an affidavit of plaintiff, fully verifying his claim, as required by the statute and rule. Defendant filed an affidavit of merits. Judgment was entered for plaintiff. Defendant seeks review by writ of error.

Plaintiff's claim arises out of a written lease given by him to defendant, dated December 17, 1927, of certain business property in the city of Detroit for a term of 50 years. There is no denial that the amount claimed is due under the terms of the lease.

In his affidavit of merits the defendant averred that the lease contained a provision that defendant might, "with or without the consent of lessor," assign the lease or sublet the premises; that, pursuant thereto, he made a written assignment of the lease to Michael Birnkrant on March 30, 1928, and that a copy thereof was served on the plaintiff; that Birnkrant subsequently assigned the lease to the Merchants Land Company; that Birnkrant and the land company have been in possession of said premises since said assignments were made; that deponent was present at a meeting—

"between plaintiff and Michael Birnkrant, deponent's assignee of said lease, in the fore part of July, 1928, at which time said Birnkrant told said plaintiff that he would make the payments due under said lease only on condition that said plaintiff accepted said Merchants Land Company as lessee under said lease; that plaintiff's declaration shows that plaintiff has accepted payments from deponent's assignee and his assigns up to September, 1929, subject to said condition."

There was also allusion therein to a written agreement, executed on August 1, 1928, which by consent

of counsel was submitted to the court, to be considered as though attached to the affidavit. This agreement reads as follows:

"Whereas, the undersigned John Engel as lessor and William F. Klatt as lessee on the 17th day of December, 1927, made and entered into a certain indenture of lease for a term of 50 years covering the property known as 6540–48 Woodward avenue, in the city of Detroit, Michigan, which said lease provided, among other things, that said lessee might with or without the consent of the lessor sell and assign or transfer said lease, and

"Whereas, said William F. Klatt later, without the consent of lessor, assigned said lease to the Merchants Land Company, a Michigan corporation, and

"Whereas, said Merchants Land Company is desirous of obtaining a reduction in the rent provided for in said lease,

"Now, therefore, it is agreed between all of the undersigned that the rent under said lease is hereby reduced from $1,250 a month to $1,000 a month for a period of 18 months commencing on the 1st day of July, 1928, and terminating on the 31st day of December, 1929, upon the express understanding, condition and agreement, however, that this reduction in rent shall in no way constitute or be considered as the creation of a new tenancy or leasing or waiver, abandonment or modification of any of the other terms, conditions, covenants and agreements contained in said lease. And this agreement is without prejudice to any rights which any of the parties hereto may now have."

This agreement was signed by the plaintiff and the defendant and the land company. Defendant insists that the statement of his assignee to the plaintiff that he would pay the rent to plaintiff only on condition that plaintiff accepted him as lessee under the lease, said to have been made in July,

1928, and the subsequent acceptance of rents by the plaintiff from said assignee, released and discharged the defendant from all liability to pay the rent thereafter. The trial court was of the opinion that the written agreement of August 1st, under which the plaintiff agreed to reduce the rent, executed by both plaintiff and defendant and the assignee, "preserved the original lease in full force and effect except as modified in that writing," and precluded the defendant from raising such defense.

The defendant had a right to assign the lease without the consent of the plaintiff. He did so. A copy of this assignment was served on the plaintiff. In *Steinberg* v. *Fine*, 225 Mich. 281, 284, it was said:

"In the absence of an express agreement to release a tenant, the mere acceptance of rents from his assignee with a knowledge of the assignment does not operate to discharge the lessee from liability under the lease; nor is there a release, even though the lessor expressly assents to the assignment."

The affidavit of merits does not aver that the plaintiff agreed to release the defendant or accept the assignee as a tenant. It does, however, aver that the assignee told plaintiff that he would pay the rent only on condition that plaintiff accepted the company as lessee. It was immaterial to plaintiff who furnished the money with which the rent was paid. It is not claimed that any condition was attached to the payments thereafter made as might, and we think should, have been done by the assignee if he desired to be recognized as a tenant under the lease.

We then come to consider the agreement for the reduction of the rent, made on August 1, 1928. Had defendant's tenancy been terminated prior thereto

by the substitution of his assignee as lessee, he would not thereafter have had any interest in the lease or been a party to any new agreement made relative thereto. But he joined in it, and therein agreed that the reduction in rent granted by plaintiff was "upon the express understanding, condition and agreement" that no new tenancy should be thereby created or "abandonment or modification" of any of the other terms contained in the lease executed by him be made, and that it was executed "without prejudice to any rights which any of the parties hereto may now have."

In our opinion, no issue of fact for the determination by a jury was raised by the affidavit of merits, and the judgment rendered is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.