SANFORD v. SALLAN.

1. NOVATION—LANDLORD AND TENANT—ASSIGNMENTS—PRIVITY OF
   CONTRACT.
   Assignment of lease by lessee without lessor's assent and lat-
   ter's acceptance of rent from assignee did not constitute nova-
   tion releasing lessee, where assignee did not assume liability
   for rent, since there was no privity of contract between lessor
   and assignee.

2. LANDLORD AND TENANT—ASSIGNMENTS—PRIVITY OF ESTATE—
   PRIVITY OF CONTRACT.
   Where lease containing express covenant to pay rent for term
   demised is assigned, and lessor thereafter accepts rent from
   assignee, lessee is not released from his liability for rent dur-
   ing remainder of term; assignment operating under such cir-
   cumstances to terminate privity of estate, but not to terminate
   privity of contract or covenant to pay rent.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted April 18, 1933. (Docket No. 59, Calendar
No. 37,132.) Decided May 16, 1933. Rehearing de-
nied August 29, 1933.

Assumpsit by Harry I. Sanford against Sol E.
Sallan for rent due under a lease. Verdict and
judgment for plaintiff. Defendant appeals. Af-
firmed.

*Benjamin B. Gordon* and *Alexis J. Rogoski,* for
plaintiff.

*Wiley, Streeter, Smith & Ford* (*Lester S. Smith,*
of counsel), for defendant.

WIEST, J. May 13, 1926, plaintiff leased certain
premises in the city of Muskegon to defendant for

the term of 11 years at a stated monthly rental. The lease provided:

"That no assignment, transfer, or subleasing shall relieve the tenant from his obligation of the payment of the rentals as herein contained."

In April, 1928, defendant assigned the lease to the Busch-Sallan Jewelry Company, and that company paid the rent for a time. In 1932 plaintiff brought this suit to recover from defendant rent due under the lease. Defendant averred verbal permission to assign the lease, estoppel by receipt of rent from the assignee, and a novation worked to the discharge of defendant. Defendant has appealed from a holding that he is liable, claiming that, by operation of law, there was an accepted surrender of the lease, and a novation worked to his discharge.

There was no surrender of the lease by defendant, and no evidence from which surrender by operation of law can be found. Instead of a surrender, defendant claims that the lease was taken over by the Busch-Sallan Company, by virtue of his assignment, and that plaintiff, when notified of the assignment, agreed to look to that company for the rent. The fault with that claim is want of privity of contract between plaintiff and defendant's assignee arising out of any promise by the assignee to plaintiff. There could not be a novation without an assumption of liability under the lease by the assignee, and privity of contract to that end between the assignee and plaintiff, and, in addition thereto, a release of defendant.

The lease was assigned by defendant without plaintiff's consent. If, later, plaintiff said he was content with the assignment and would look to the assignee for the rent and not to plaintiff, that did not work a novation, for it lacked the essential of

privity of contract between plaintiff and defendant's assignee. Subsequent payment of rent to plaintiff by the assignee did not operate to release defendant from liability under the lease. *Steinberg* v. *Fine,* 225 Mich. 281; *Smith* v. *Applebaum,* 241 Mich. 493; *Engel* v. *Klatt,* 250 Mich. 552.

The rule is that, where a lease containing an express covenant to pay rent for a term demised is assigned, and the lessor thereafter accepts rent from the assignee, the lessee is not released from his liability for rent during the remainder of the term. The assignment operates, under such circumstances, no further than terminating the privity of estate, and does not at all terminate the privity of contract or covenant to pay the rent. See 36 A. L. R. 316, for a similar statement of the rule and citation of numerous authorities.

We find no privity of contract between defendant's assignee and plaintiff.

The judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.