PROSPECT REALTY, INC. *v.* THOMAS BISHOP ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 191

Argued December 9, 1975—decided May 14, 1976

*Theodore A. Lubinsky,* for the appellant (plaintiff).

*Harvey A. Katz,* for the appellees (defendants).

PER CURIAM. The first count of the complaint alleges that the defendant Thomas Bishop defaulted on a written sublease agreement for the rental of certain premises being used as a restaurant by failing to pay the monthly rent as provided. The

second count claims that the defendant Thomas Bishop fraudulently conveyed his interest in certain real estate to the defendant Virginia W. Bishop, his wife. The trial court found the issues on both counts in favor of the defendants.

With respect to the first count, the finding discloses that on March 25, 1966, Sav-Mor Drugs, Inc., subleased the restaurant premises to Michael Corrado, who proceeded to form the plaintiff corporation to which he assigned the sublease and the equipment in the restaurant. On March 30, 1967, the plaintiff assigned the sublease to the defendant Thomas Bishop, who assumed all of its obligations and agreed to pay the rent and utility charges directly to the original sublessor, Sav-Mor Drugs, Inc. In August 1967 Bishop formed a corporation, Prospector Room Restaurant, Inc., of which he and his wife, the defendant Virginia Bishop, were the sole stockholders, and the assets of the restaurant were transferred to it. On November 11, 1971, the defendants sold their stock in the corporation to Helmut and Kathleen Arndt. Those purchasers were adjudged bankrupt on petitions filed by them on May 30, 1972, and the rental payments on the sublease ceased.

The trial court found that the rent which had accrued prior to November 1971 was paid by the defendant Thomas Bishop or by his corporation. The rental payment was made by delivering a check to Michael DeLorenzo, a manager or a pharmacist for Sav-Mor Drugs, Inc. The finding does not state to whom those checks were made payable. After the cessation of the rental payments, DeLorenzo sued Michael Corrado for the delinquent rent. Corrado then paid $2185 in checks made payable to DeLorenzo. Although the trial court apparently attributed those payments to the plaintiff corpora-

tion, it concluded that the defendant Thomas Bishop was not indebted to the plaintiff because there was "no showing that Michael DeLorenzo was entitled to any payments made to him by the plaintiff arising out of an obligation of Thomas Bishop."

The assignment of the sublease from the plaintiff provided that the defendant Thomas Bishop would assume all of the obligations under the original sublease from Sav-Mor Drugs, Inc., and would indemnify the plaintiff from any claims thereunder. The effect of such an assignment is to make the assignor a surety for performance by the assignee of the covenants of the sublease, including the obligation to pay the rent. 3A Thompson, Real Property (1959 Replacement) § 1223. A surety must pay the debt, for which he is only secondarily liable, before he may recover of the principal. 3A Thompson, op. cit. For this reason it is held that the assignor of a lease must have paid the delinquent rent for which he seeks judgment against his assignee. *Farrington* v. *Kimball,* 126 Mass. 313; *Darmstaetter* v. *Hoffman,* 120 Mich. 48; 49 Am. Jur. 2d, Landlord and Tenant, § 430; note, 32 A.L.R. 1429, 1442.

Proof that the plaintiff had paid the rent which the defendant Thomas Bishop was obligated to pay as assignee of the sublease was an essential element of the plaintiff's case. The court found that DeLorenzo, the manager or pharmacist for Sav-Mor Drugs, Inc., to whom the defendant Thomas Bishop had delivered his checks in payment of the rent, sued Michael Corrado for the delinquent rent and that payments of $2185 were made by Corrado in the form of five checks payable to DeLorenzo. Although Corrado made the payments, the court concluded they were to be treated as having been made by the plaintiff corporation, which he·owned, and that conclusion has not been assailed. The find-

ing does not expressly state that those payments were made on account of the delinquent rent, but that implication is plain from the juxtaposition of the paragraphs involved. In the memorandum of decision, which may be consulted where there is any ambiguity; *Maykut* v. *Plasko,* 170 Conn. 310, 315; the trial court "finds that the plaintiff paid $2185 to one DeLorenzo for rent on the subject premises." The trial court concluded, nevertheless, that in the absence of some evidence of the authority or right of DeLorenzo to receive the rental payments, there was insufficient proof that the obligation of the defendant Thomas Bishop to pay this rent had been discharged.

The witness Corrado had testified that DeLorenzo was the landlord, having taken over the operation of the pharmacy as well as the lease from the owner of the property after Sav-Mor Drugs, Inc., "went broke." The defendant Thomas Bishop testified that he delivered his checks in payment of the rent to DeLorenzo at the drugstore and that he made them out to "Sav-Mor Drugs" or to "Prospect Pharmacy," the name which appears as endorsee on the checks for the rent made payable to DeLorenzo by Corrado. Bishop testified also that in 1970 he had a buyer for his restaurant but that "he couldn't come to terms with DeLorenzo, so the deal fell through." He also said that he thought that Sav-Mor Drugs "went out of business and DeLorenzo took it over or something," but that he was not acquainted with those facts. No evidence was produced contradicting the testimony that DeLorenzo was the landlord. Upon this record, particularly in view of the admissions of the defendant Bishop, we cannot agree with the conclusion of the trial court that there was "no showing that Michael DeLorenzo was entitled to any payments made to him by the plaintiff arising out of an obligation of

Thomas Bishop." The status of DeLorenzo as land-lord was an admitted or undisputed fact and the finding must be corrected accordingly.[1]

The plaintiff's counsel reported to the trial court that he had subpoenaed DeLorenzo for the trial and that he had not appeared. DeLorenzo was reported to have refused to come to court because he could not find anyone to operate his drugstore while he testified. A request for a capias was made, but it was finally withdrawn and the plaintiff elected to submit the case without the testimony of DeLorenzo. After the decision was announced the plaintiff moved to reopen the case for the purpose of hearing DeLorenzo's testimony and admitting in evidence a duly executed assignment of the sub-lease in question from Sav-Mor Drugs, Inc., to Michael DeLorenzo. The motion was denied. While the conclusion we have reached makes it unneces-sary to consider the error assigned in respect to that ruling, such a motion, under the unusual cir-cumstance of this case, should have been granted to avoid an obvious injustice if the trial court was dissatisfied with the evidence which had been pre-sented at the trial. *Padaigis* v. *Kane,* 125 Conn. 727; see *Turner* v. *Scanlon,* 146 Conn. 149, 163.

The parties were principally at issue on the second count of the complaint which alleges a fraud-

---

[1] The plaintiff failed to file a motion to correct the finding in order to add the facts relating to the status of DeLorenzo as the landlord as admitted or undisputed. Practice Book § 567G. He did assign as error the conclusion that there was "no showing that Michael DeLorenzo was entitled to any payments made to him by plaintiff of an obligation of Thomas Bishop." In view of the finding of subordinate facts indicating that the delinquent rent had been paid to DeLorenzo by the plaintiff, we have found it necessary to review the evidence in attempting to reconcile the conclusion assigned as error with the subordinate facts found. Despite the procedural irregularity, we are bound to take notice of an admitted or undisputed fact apparent on the record and concerning a signifi-cant matter. *Central Railway & Electric Co.'s Appeal,* 67 Conn. 197, 222; Maltbie, Conn. App. Proc. (2d Ed.) § 167.

ulent conveyance by the defendant Thomas Bishop
to his wife, the defendant Virginia Bishop, of his
interest in a residence which they occupied. The
house was transferred on October 4, 1971. After
the conveyance the defendant Thomas Bishop had
no other asset than his undivided one-half interest
in the stock of his restaurant Prospector Room
Restaurant, Inc. On November 11, 1971, all the
outstanding stock of the restaurant was sold to the
Arndts for $12,000.

The plaintiff relies on the doctrine that a con-
veyance made by a husband to his wife of substan-
tially all his assets, leaving him with an amount
insufficient to pay his debts, is voidable by his cred-
itors, even though the transfer was made with no
actual fraudulent intent. *Pepe* v. *Santoro,* 101 Conn.
694, 697; *Quinnipiac Brewing Co.* v. *Fitzgibbons,*
71 Conn. 80, 85. The trial court, however, con-
cluded that the transfer did not render Thomas
Bishop insolvent because he retained ownership of
his interest in the restaurant which had a value of
$6000, based on the sale which took place about a
month later. There is no evidence that any debts
which Thomas Bishop had at the time of the con-
veyance exceeded the value of that asset nor can
such an asset be deemed insubstantial. It is not
claimed that there was actual fraud. The conclu-
sion of the trial court that the conveyance was not
fraudulent was correct.

There is no error with respect to the judgment in
favor of the defendant Virginia Bishop on the
second count of the complaint.

There is error with respect to the first count of
the complaint but a new trial is unnecessary in view
of the correction in the finding we have made with
respect to the effect of the payments to DeLorenzo
as a discharge of the rental obligation of the
defendant Thomas Bishop.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $2185 and taxable costs from the defendant Thomas Bishop.

SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.