CLEVELAND v. DETROIT TRUST CO.

1. CONTRACTS—CONSTRUCTION.

In construing contract, meaning and interest of contracting parties is to be determined in light of surrounding circumstances, and from whole of instrument or instruments which they have executed to evidence their respective rights and obligations.

2. LANDLORD AND TENANT—PRINCIPAL AND AGENT—CONTRACTS—
   AGENT NOT LIABLE FOR PRINCIPAL'S RENT.

Trust company which took over management of leased premises
as agent of lessee under contract which did not obligate it
to pay rent, and to which lessor was not party, is not liable
for unpaid rent.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted June 15, 1933. (Docket No. 90, Calendar
No. 37,276.) Decided August 29, 1933.

Assumpsit by Cynthia Mills Cleveland against
Detroit Trust Company, individually and as trustee,
for rent due under a lease. Judgment for defend-
ant. Plaintiff appeals. Affirmed.

*Jay T. Bell* (*Lucking, Van Auken & Sprague,* of
counsel) for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*A. Hilliard
Williams,* of counsel), for defendant.

NORTH, J. In this suit plaintiff seeks to recover
from defendant five months' rental, amounting to
$8,750. The property has a frontage of 50 feet on
the west side of Washington boulevard near its inter-
section with Clifford street in the city of Detroit.
Each of the parties moved for summary judgment.
Plaintiff's motion was denied, and defendant's
granted. Plaintiff has appealed.

On May 1, 1924, plaintiff's predecessor in title
gave a 99-year lease of the premises here involved at
a monthly rental of $1,750. The lessee's interest was
assigned to the trustees of the estate of Francis
Palms, deceased; and these trustees mortgaged this
lessee's interest along with other property under
two trust mortgages to the Security Trust Company,
each to secure payment of a bond issue of $1,700,000.
By consolidation, the defendant, the Detroit Trust

Company, has succeeded the Security Trust Company. There was default in payments due under the trust mortgage. Instead of instituting foreclosure proceedings, an agreement was entered into September 25, 1928, whereby the Detroit Trust Company took over all of the interest of the lessees (mortgagors) under the 99-year lease. In that connection, the trust company was given authority to manage, control, lease, and operate the property in the place and stead of the lessees "in all respects and particulars as though the same were held in its own proper corporate ownership." As a part of this transaction the trustees (lessees and mortgagors) executed and delivered to defendant a warranty deed of the leasehold interest, but the agreement executed between these parties provided that, upon payment of the amounts due under the trust mortgage, together with other items chargeable in connection therewith, all moneys remaining on hand with the defendant should be paid over to the trustees (lessees and mortgagors) and any portion of the premises deeded to the trust company remaining unsold should be reconveyed to the trustees. The purpose of the agreement is thus specifically therein set forth:

"The intent and purpose hereof is to provide a method whereby the bonds outstanding under each of said trust mortgages described in section 2 hereof and the interest coupons accruing thereon can and will be paid without foreclosure or other publicity."

Under this arrangement the defendant took over the management of the property, collected the rents, deposited them in an account called the Palms Estate Trust Mortgage account, paid rentals under the 99-year lease to the lessor, and made subleases of portions of the premises. In this manner the defendant,

trust company, had possession and control of the leasehold property from September, 1930, until approximately April 1, 1932. Plaintiff had no knowledge of and in no way consented to the arrangement whereby defendant assumed possession and control of the property. There was default in payment of the monthly rental instalments due from November, 1931, to March, 1932, inclusive, totaling $8,750. In this suit plaintiff claims that by reason of the transaction above outlined, and the provision of the lease hereinafter quoted, defendant is directly liable to her for the accrued rentals. Defendant denies such liability, insisting that there is no privity of contract between these parties, and that defendant's use and control of the leasehold property under the circumstances does not give rise to an implied obligation to pay.

The provision of the lease above referred to, in substance is as follows:

"Each and every one of the * * * covenants * * * herein contained, shall * * * be binding upon the * * * assigns of * * * lessee, and the acceptance of any substantial benefit hereunder by any such * * * assign, shall obligate the party receiving such benefit to perform all the * * * covenants * * * herein contained and to be performed by the * * * lessee."

Plaintiff's suit for recovery of rentals is brought on the theory that the defendant, by entering into the transaction above outlined, assumed the covenants of the lessee in the 99-year lease to pay the rent therein specified, and also, as noted above, that defendant is liable to the plaintiff for the rentals because of its use and occupation of the property for the period in question. The rights and liabilities of the respective parties are controlled by the construction which must be placed upon the agreement be-

tween the trustees of the Palms estate and defendant. If, as appellant insists, the transaction amounted to an assignment of the leasehold interest to defendant, then it is liable under the lease to plaintiff for unpaid rentals. If, on the other hand, in all it did the trust company was merely acting as the agent of the lessees (mortgagors) in an attempt as their agent to operate the property and apply the net proceeds on the bonded indebtedness, without any intent or purpose to take over any actual vested interest in the leasehold, then there was no assignment, but only the relationship of principal and agent. That such was the intent and purposes of all parties to the arrangement, we think quite clearly and conclusively appears from the provision in the agreement whereby the trust company was obligated to account to the Palms trustees for any excess funds in its possession, and to reconvey to them any interest in the real property of which it was still possessed when the plan adopted by the parties was fully executed. Plaintiff was not a party to and in fact had no knowledge of the arrangement entered into between the trustees of the Palms estate and the defendant trust company. She was neither induced to act nor did she refrain from taking any action on account of this transaction *inter alios.* There is no reason in the instant case for declining to apply the general rule of construction that the meaning and intent of the contracting parties is to be determined in the light of surrounding circumstances and from the whole of the instrument or instruments which they have executed to evidence their respective rights and obligations. *Kellogg* v. *Kellogg Toasted Corn Flake Co.,* 212 Mich. 95. Application of this rule clearly negatives plaintiff's claim that defendant became an assignee of the lessees' interest under the 99-year lease.

In acting in its capacity as an agent in taking possession of, in managing and in collecting the rents of the leasehold property, the defendant herein was doing only what its principal, the trustees of the Palms estate, had a perfect right to do. By so acting in its capacity as an agent, the defendant neither expressly nor impliedly assumed to discharge its principal's obligation to pay rent to plaintiff. *Van Wie* v. *Fidelity Trust Co.*, 254 Mich. 108. No privity of contract arose between plaintiff and defendant. The obligation of the trustees of the Palms estate to pay rent to plaintiff was in no way affected by their arrangement with defendant. It follows that plaintiff's claim of right to recover judgment against defendant ''for these rentals on the common counts because of its use and occupation of the property for the months in question'' cannot be sustained.

Judgment entered in the circuit court is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.