DETROIT TRUST CO. *v.* MORTENSEN.

1. LANDLORD AND TENANT—COVENANTS RUNNING WITH LAND—RENT —REPAIRS.

Covenants to pay rent and keep the premises in repair run with the land.

2. SAME—COVENANTS RUNNING WITH LAND—ASSIGNMENTS.

Assignee at common law became liable upon any of the covenants of lease that ran with the land.

3. Same—Attachment of Relation to Tenant's Successors.
   When relation of landlord and tenant is once established, it attaches to all who may succeed the tenant, immediately or remotely, and to those to whom an assignment is made for a part of the premises for the entire term.

4. Same—Privity of Estate—Rent.
   Liability to landlord for rent on part of lessee's successors in interest is based upon privity of estate, not privity of contract.

5. Same—Rent—Assignments by Lessee.
   In suit to collect rent under 99-year lease, assignee of lessor's interest *held*, not a person who has rights such as those of an innocent purchaser for value as respects liability for rent of transferee of an undivided interest from lessee's assignee but may enforce only such rights as may accrue to her under instruments assigning such interest.

6. Contracts—Construction.
   In construing contract, meaning and interest of contracting parties is to be determined in light of surrounding circumstances existing at time it was made, and from whole of instrument or instruments which they have executed to evidence their respective rights and obligations.

7. Landlord and Tenant—Assignments—Privity of Estate—Evidence.
   Privity of estate as between lessor's assignee and transferee of an undivided three-fourths interest from lessee's assignee *held*, lacking, where evidence, including assignments to such transferee, shows such interest was acquired as security for loan to lessee's assignee who remained primarily liable for rent and that parties did not intend to make an absolute assignment of the interest.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 25, 1935. (Docket No. 38, Calendar No. 38,461.) Decided November 12, 1935. Rehearing denied January 7, 1936.

Assumpsit by Detroit Trust Company, a Michigan corporation, trustee, and Edward C. Pierce and wife

against Benjamin F. Mortensen, Joseph C. Maloney and William Glass and wife for rent. Plaintiff Detroit Trust Company, trustee, withdrew. Suggestion of death of plaintiff Edward C. Pierce. Discontinuance ordered as to defendant Mortensen. Plaintiff Mary Pierce appeals from judgment in her favor against defendant Maloney only. Affirmed.

*Charles A. Bryan (John G. Dunn* and *Robert J. Hanley,* of counsel), for plaintiff.

*Frederick Goodell (Oswald C. Grattan,* of counsel), for defendants Glass.

NORTH, J. The Detroit Trust Company formerly acted in the capacity of trustee for Edward C. Pierce and Mary Pierce. Pending suit Edward C. Pierce died and the trustee has withdrawn, thus leaving Mrs. Mary Pierce, as the survivor of her husband, the real party in interest as plaintiff. By assignment she possesses the lessor's interest in a 99-year lease of certain real property in the city of Detroit. By assignment Joseph C. Maloney became possessed of the lessee's interest; and he in turn by two separate instruments transferred a one-half and a one-fourth interest in the leasehold to William Glass and Josephine Glass, husband and wife. This is a suit at law to recover past due and unpaid installments of rent. While the original lessee, Benjamin F. Mortensen, was made a party defendant, judgment was not taken against him. Judgment in the sum of $4,501.27 was entered against Maloney; but as to defendants Glass the judgment was one of no cause of action. Plaintiff has appealed.

It is appellant's contention that the so-called assignment to defendants Glass of an undivided three-fourths interest for the entire term of the lease cre-

ated privity of estate between them and plaintiff as the assignee of the original lessor. The trial judge held that under the circumstances of this case, as hereinafter detailed, there was not an absolute and unconditional assignment of a leasehold interest sufficient to create a privity of estate between plaintiff and defendants Glass.

It was provided in this 99-year lease that the lessee might sublet or assign the leasehold interest. Early in the jurisprudence of this State it became established law that covenants to pay rent and to keep the rented premises in repair run with the land and that an assignee at common law became liable upon any of the covenants of the lease "that run with the land." *Lee* v. *Payne,* 4 Mich. 106. In this case the court said:

"But if a lessee transfers only a part of the premises, but for the whole term, the person to whom the transfer is made must be, at common law, considered an assignee of the part of the premises transferred to him, and liable to the original lessor. * * * It must be so, for it is a well-settled rule of law, that when the relation of landlord and tenant is once established, it attaches to all who may succeed the tenant, immediately or remotely. *Jackson, ex dem. Van Schaick,* v. *Davis,* 5 Cow. (N. Y.) 123 (15 Am. Dec. 451); *Jackson, ex dem. Webber,* v. *Harsen,* 7 Cow. (N. Y.) 323 (17 Am. Dec. 517); *Byrne* v. *Beeson,* 1 Doug. (Mich.) 179."

"It is the rule that the assignment of a lease, and its acceptance by the assignee, carries with it the obligation to pay the rent. The covenant to pay rent runs with the land. When the assignment is absolute and for the entire term, or for a part of the premises for the entire term, the assignee succeeds to all the rights and liabilities of the original lessee." *Darmstaetter* v. *Hoffman,* 120 Mich. 48.

See, also, *Buhl Land Co. v. Franklin Co.,* 258 Mich. 377.

If the above cited authorities were applicable to the facts in the instant case plaintiff and appellant would be entitled to a judgment against defendants Glass, appellees herein. Such liability would be based upon privity of estate, not privity of contract. However, the instruments under which an interest in the leasehold was passed to defendants Glass contained the provisions hereinafter quoted. The first of the two agreements purported to give to Mr. and Mrs. Glass a one-half interest in the leasehold, the second a one-fourth interest. As bearing upon whether the instruments constituted assignments of an absolute and unconditional interest in the leasehold, such as to create privity of estate, we quote from the agreements the following:

"Provided, however, and this assignment is made expressly upon the following conditions: That in case said second parties (Glass) their heirs or assigns shall make default in the performance of any of the covenants contained in said lease, then and in that event, said first party (Maloney), his heirs or assigns, shall have the right to pay and perform such covenants, and thereupon shall have the right to rescind and cancel this assignment and take possession of said premises and all improvements thereon free and clear from any and all claims of said second parties, their heirs or assigns under said assignment."

The agreements also contain the following significant provision:

"It is expressly understood, covenanted; and agreed that the party of the first part (Maloney) is to remain primarily liable for the fulfillment of all

the conditions and obligations contained in said lease.''

The crucial test is whether under the facts and circumstances of this case the two instruments containing the provision last above quoted should be held to be absolute assignments. The original lessor or his assignee is in no sense a person who has rights akin to those of ''an innocent purchaser for value.'' Instead, without being a party to the assignment and without direct consideration, he may profit by and enforce whatever rights accrue to him by and under the terms and conditions which constitute the so-called assignment. But he must take the instrument as he finds it. If it contains provisions which render its force and meaning doubtful, resort may be had to the circumstances surrounding its consummation, thus assuring its enforcement in accordance with the intent of the contracting parties.

''There is no reason in the instant case for declining to apply the general rule of construction that the meaning and intent of the contracting parties is to be determined in the light of surrounding circumstances and from the whole of the instrument or instruments which they have executed to evidence their respective rights and obligations. *Kellogg* v. *Kellogg Toasted Corn Flake Co.,* 212 Mich. 95.'' *Cleveland* v. *Detroit Trust Co.,* 264 Mich. 253.

''To ascertain such intent, it 'should be construed in the light of the circumstances existing at the time it was made.' '' *Montgomery* v. *Central National Bank & Trust Co.,* 267 Mich. 142.

The very presence in the assignment of the provision that the assignor ''is to remain primarily liable for the fulfillment of all the conditions and obligations contained in said lease'' had a strong tendency

to negative its being an absolute assignment. Certainly the provision was of such a character as to put all concerned upon inquiry.

Looking to the record we find these facts: After Maloney became the assignee of this leasehold interest he sought to promote a syndicate which was to take over the unexpired portion of the 99-year lease. Pending the effort to form the syndicate, Maloney became in need of money. An arrangement was entered into between him and defendants Glass whereby the latter advanced funds to Maloney. Incident to such advancement and as security therefor they took from Maloney the two assignments of interests in this leasehold, as above noted. The security was the right to the rentals accruing from subtenants who occupied the premises. Obviously it is the taking of these assignments under such circumstances that accounts for the provision therein that the assignor was to remain primarily liable for the fulfillment of all the lessee's obligations contained in the lease. The provisions of the instruments themselves as well as the other surrounding circumstances disclosed by the record clearly establish that these assignments were conditional assignments only, given as security, and not absolute assignments. The circuit judge was right in holding that the assignments and the circumstances under which they were given negative "the intention of an absolute assignment by Maloney of his entire interest even to the undivided interests;" and in further holding that because thereof "privity of estate is thus lacking."

"But an assignment * * * with an express assumption of continuing liability of the assignors to the owners under the original lease, and a manifest intention to sublet, not only is not evidence of in-

tention to end the privity of estate, but is a positive re-affirmance of it." *Drake* v. *Lacoe,* 157 Pa. 17, 38 (27 Atl. 538).

Judgment entered in the circuit court is affirmed, with costs to appellee.

POTTER, C. J., and TOY, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.