S. B. Aultman v. The Seaboard Oil Company

175 So. 901.
Opinion Filed July 31, 1937.
Rehearing Denied September 2, 1937.

*Lawrence Rogers* and *George P. Garrett,* for Plaintiff in Error;

*Julian Hartridge,* for Defendant in Error.

Buford, J.—The writ of error is to review a judgment in favor of defendant on demurrer sustained to amended declaration. The amended declaration was in one count containing paragraphs designated (a), (b), (c), (d), (e),

(f), (g), (h), (i), and (j). We think it expedient to quote the entire declaration which was in the following language:

"S. B. Aultman, plaintiff, sues The Seaboard Oil Company, a Florida corporation, defendant, by this his amended declaration, for that:

### "Count No. 1.

"(a) On, to-wit: the 1st day of June, A. D. 1925, Elizabeth Aultman, unmarried, while the owner to the fee simple title to the lands hereinafter described, located in the City of Kissimmee, Osceola County, Florida, namely:

"Beginning at the Northwest corner of Lot 4, Block 13 of the South Florida Railroad Company's Survey of the Town of Kissimmee, the same being the Southeast quarter of Dakin and Church Streets, thence running Northeasterly 50 feet along the Southerly side of Church Street, thence Southeasterly 50 feet at right angles to the first course thence Southwesterly 50 feet to the Northeasterly side of Dakin Street thence along the said side of Dakin Street 50 feet to the point of beginning, together with all buildings and each and every part of said premises, made, executed, acknowledged and delivered to one, H. Gilbert, a certain ninety-nine (99) year lease, dated the 1st day of June, A. D. 1925 and filed for record on the 30th day of March, A. D. 1926, among the public records of Osceola County, Florida, in Miscellaneous Book 'K,' page 208.

"(b) Thereafter, on the 28th day of April A. D. 1926 said Elizabeth Aultman, single, conveyed the fee simple title to said property to S. B. Aultman by warranty deed dated the 28th day of April, A. D. 1926, and filed on the 17th day of August A. D. 1926, and recorded among the public records of Osceola County in Deed Book 77, page

544; said conveyance being made subject to said ninety-nine year lease.

"(c) Thereafter, on the 20th day of August, A. D. 1926, the said H. Gilbert, as the lessee under said 99 year lease, The Seaboard Oil Company, a Florida Corporation, and S. B. Aultman and Mary E. Aultman, his wife, as the owners, entered into a tri-parte contract, which contract was filed for record on the 20th day of August, 1926, among the public records of Osceola County, and recorded in Miscellaneous Book 'K' page 549. A true copy of said contract is hereto attached, marked Plaintiff's Exhibit No. 1, and prayed to be taken as a part hereof.

"(d) Thereafter, the said H. Gilbert, lessee in said 99 year lease, defaulted under the terms of said lease and the said S. B. Aultman, plaintiff herein, brought an action for the recovery of possession of said premises. Said action was brought in the County Court in and for Osceola County, Florida. In said action, on the 13th day of October, A. D. 1928, a final judgment of ouster was entered in favor of the plaintiff herein and against the said H. Gilbert. Said final judgment was filed on the 13th day of October A. D. 1928, and recorded among the public records of Osceola County, in Final Judgment Book 2, page 150.

."(e) Thereafter, pursuant to writ of execution dated the 13th day of October, A. D. 1928, issued in said suit, said S. B. Aultman was, on or about the 13th day of October, A. D. 1928, by the Sheriff in and for Osceola County, Florida, placed in full possession of said premises pursuant to said lease with The Seaboard Oil Company as aforesaid.

"(f) Under and by virtue of the terms of said agreement, Exhibit No. 1 hereto, at the termination of the term thereof, the said Seaboard Oil Company agreed it would deliver up the above described premises in as good condition as they

were at the time of the making of the lease, ordinary wear and tear and damage by the elements excepted.

"(g) As part of the consideration of the making of the said tri-parte agreement, the said H. Gilbert, who was then, at the date of the making of said agreement, the lessee under the said plaintiff herein, constructed on the said premises a filling station which cost approximately $4,000.00, and the said lessee, H. Gilbert, and the said S. B. Aultman thereupon delivered the possession of said land and building to The Seaboard Oil Company, who accepted the same. Said building as then delivered was in fine condition and well worth the sum of $4,000.00.

"(h) Yet, although the said defendant remained in possession of said leased premises throughout the term of said lease, and paid the rental thereon, and exercised control over the said premises until the date of the expiration of said lease, namely, the 15th day of August, 1936, the said lessee did not, on the 15th day of August, A. D. 1936, deliver up the above described premises in as good condition as they were at the time of making of the lease, ordinary wear and tear and damage by the elements excepted, but on the contrary:

"(i) At the expiration date of said agreement, Exhibit No. 1 hereto, namely, the 15th day of August, A. D. 1936, the said Seaboard Oil Company surrendered up said premises in a depreciated and entirely ruinous condition. The filling station aforesaid was wholly worthless; underground tanks had been torn out, windows and doors were left open to the elements and both inside and outside the filling station was utterly destroyed for all practical purposes.

"(j) Whereupon, plaintiff brings this action and sues the defendant for breach of its aforesaid covenant, namely the covenant that at the termination of said agreement, Exhibit

No. 1, the said Seaboard Oil Company, a Florida Corporation, would deliver up the premises described in said agreement in as good condition as they were on the 20th day of August, A. D. 1926, ordinary wear and tear and damage by the elements excepted.

"WHEREFORE, Plaintiff sues the Defendant and claims damages in the amount of $10,000.00."

The pertinent paragraphs of Plaintiff's Exhibit No. 1 which was attached to and made a part of the declaration, were as follows:

"'This Indenture made this 20th day of August, 1926, by and between H. Gilbert and Maude Gilbert, his wife, parties of the first part, and The Seaboard Oil Company, a corporation authorized to do business in Florida, hereinafter known as party of the second part, and S. B. Aultman and Mary E. Aultman, his wife, hereinafter termed owners, which terms shall include their heirs, executors, administrators, successors and assigns, WITNESSETH:

"Whereas, Elizabeth Aultman, unmarried, of the City of Kissimmee, County of Osceola, Florida, on the first of June 1925, made and executed to one H. Gilbert of Kissimmee, Florida, a certain 99 year lease involving the hereinafter described property and the adjacent property as recorded in Book 'K' of Miscellaneous Records page 208, Public Records of Osceola County, Florida, and

"Whereas, the said Elizabeth Aultman at the time of the making of said lease was the owner in fee of the said premises hereinafter described, has conveyed the same by proper deed to S. B. Aultman, which said deed was recorded in the Public Records of Osceola County on the 17th day of August, 1926.

"Now therefore, in consideration of the covenants herein set forth on the part of the party of the second part to be kept and performed, the said parties of the first part do

hereby sublease to the said party of the second part the following described property, to-wit:" * * *

"At the termination of this lease the party of the second part shall deliver up to the parties of the first part the above described premises in as good condition as they are now, ordinary wear and tear and damage by the elements excepted, provided always that the party of the second part may remove from said premises at the termination of this lease, any and all oil or gasoline or petroleum products dispensing outfits of any nature whatsoever, from the above described premises, without damaging the property of the parties of the first part. * * *

"That the sum of Thirty-eight Hundred Fifty-Dollars and rental for the first month before herein provided, shall be paid to parties of the first part, and that all rentals subsequently paid are to be paid to owners, and that said owners will credit same as part payment monthly from time to time on the payments due or to become due under the 99 year lease before herein referred to, and that payment to owners by party of the second part shall constitute and be received as payment to parties of the first part, and that owners will designate by proper instrument in writing, a bank or trust company doing business in Florida, and to which payment as herein provided shall be made for their account.

"That if parties of the first part shall become or be in default under the terms of their 99 year lease or shall become a tenant at will or at sufferance, that such default shall not terminate or affect the rights of party of the Second part to continue in and enjoy possession of the said premises before herein described and subject to the terms of this lease, and this lease shall not be subject to default by reason of any covenant, condition, provision or default contained in the said 99 year lease, but shall continue in

full force and effect for the full term hereof, subject, however, to the terms of this instrument."

The contract was executed by H. Gilbert, Maud Gilbert, The Seaboard Oil Company by S. M. Coen, its President, and attested by D. H. Mulloney, its Secretary, under its corporate seal, and by S. B. Aultman and Mary E. Aultman.

The demurrer to the declaration contained three grounds, as follows:

"1. The declaration does not state a cause of action.

"2. The covenant described in paragraphs 'c,' 'f,' and 'j' of the amended declaration and which is set out in full in Plaintiff's Exhibit 1, which is a part of the declaration, does not run to the plaintiff.

"3. The declaration does not allege that there was any covenant between plaintiff and defendant as to the condition in which the premises were to be returned."

Plaintiff in Error says in his brief that there are two questions for us to determine, as follows:

"Question involved, No. 1:

"Was the covenant in question one which ran with the land and entitled the fee simple title owner to bring an action for breach thereof?

"Question Involved, No. 2:

"In the alternative, was the covenant aforesaid one made directly with the fee simple title owner by which he had the primary right to recover regardless of whether or not it was a covenant running with the land?"

It is too well settled to be seriously questioned that a covenant to leave the premises in good tenantable repair at the expiration of the term and other like covenants run with the land. 16 R. C. L. 786, 12 A. L. R. annotated 832; Glidden Second Avenue Investment Co., 125 Minn. 471, 147 N. W. 658, L. R. A. 1915-c, page 222; Detroit

Trust Co. v. Mortensen, 273 Mich. 407, 263 N. W. 409; Hight v. McCulloch, 150 Tenn. 117, 263 S. W. 794; Pollard v. Shaffer, 1 Dall. Pa. 210, 1 L. Ed. 104, 1 Am. Dec. 239; Chambers v. Lindsey, 171 Ala. 158, 55 Sou. 150.

The application of this rule would be sufficient to constitute right of recovery by the plaintiff under the allegations of the declaration, but there is a further reason why the demurrer should not have been sustained and that is that in terms the tripartite agreement made and entered into between the Gilberts, the Seaboard Oil Company and the Aultmans, provides:

"This Indenture made this 20th day of August, 1926, by and between H. Gilbert and Maude Gilbert, his wife, parties of the first part, and The Seaboard Oil Company, a corporation authorized to do business in Florida, hereinafter known as party of the second part, and S. B. Aultman and Mary E. Aultman, his wife, hereinafter termed owners, which terms shall include their heirs, executors, administrators, sucessors and assigns."

The agreement further provides in terms:

"That if parties of the first part become or be in default under the terms of their 99-year lease or shall become a tenant at will or at sufferance, that such default shall not terminate or affect the rights of party of the second part to continue in and enjoy possession of the said premises before herein described and subject to the terms of this lease, and this lease shall not be subject to default by reason of any covenant, condition, provision or default contained in the said 99-year lease, but shall continue in full force and effect for the full term hereof, subject, however, to the terms of this instrument."

Therefore, the instrument itself fixed the rights of the parties in the event that there should be, as there was, de-

fault upon the part of the parties of the first part, the Gilberts, and a repossession of the premises by the owners. When there was a default by the Gilberts and the right of repossession accrued to and was exercised by the owners, the owners became the successors of Gilbert in contemplation of terms of the contract and thereafter the covenants of the contract obligated to be performed by The Seaboard Oil Company ran to and became enforceable by the owner, S. B. Aultman.

We do not comment on the original declaration because the filing of an amended declaration and the sustaining of demurrer thereto renders it immaterial whether or not the original declaration was sufficient.

The amended declaration sufficiently states a cause of action against the defendant and the judgment should be and is reversed with directions that the cause be remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

Reversed and remanded.

TERRELL, BROWN and CHAPMAN, J. J., concur.