BUHL LAND CO. *v.* FRANKLIN ·CO.

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—PRIVITY OF ES-
TATE.

Where assignee takes lessee's whole interest in demised premises,
takes possession, and pays rent, there is privity of estate
rendering assignee liable to lessor for rent, and it is immate-
rial that lease provided that it should not be assigned without
lessor's consent.

2. SAME—COVENANT TO PAY RENT RUNS WITH LAND.

Covenant to pay rent runs with land, and therefore assignee of
lessee is liable thereon.

3. SAME—NOVATION—PRIVITY OF CONTRACT.

Where lease in violation of its terms was assigned by lessee
without consent of lessor, and although latter accepted rent it
did not expressly consent to assignment, there was no nova-
tion or privity of contract between lessor and assignee in
respect to claim of lessor against lessee for remodeling prem-
ises, and therefore lessor is not entitled to recover same in
action against assignee.

4. SAME—LIENS—PRIVITY OF ESTATE.

Provision in lease giving lessor lien for security for rent and
for performance by lessee upon all goods, wares, fixtures, etc.,
put on demised premises by lessee, with right of enforcement
similar to that employed in chattel mortgages, is personal to
lessee, does not run with the land, and therefore is not binding
on assignee of lease who became liable for rent by privity of
estate and not by privity of contract.

Appeal from Wayne; Lamb (Fred S.), J., pre-
siding.   Submitted April 15, 1932.   (Docket No.
86, Calendar No. 36,406.)   Decided June 6, 1932.

Assumpsit by Buhl Land Company, a Michigan
corporation, as lessor, against the Franklin Com-

pany, a Michigan corporation, assignee of lessee, for rent and balance due under agreement between plaintiff and lessee. Judgment for defendant. Plaintiff appeals. Reversed, and judgment for plaintiff ordered for rent due. Otherwise affirmed.

Attachment proceedings by plaintiff against defendant. From order dissolving attachment, plaintiff appeals. Affirmed.

*Wurzer & Wurzer (John T. Higgins,* of counsel), for plaintiff.

*Henry B. Graves* and *Charles H. Hatch,* for defendant.

CLARK, C. J. Plaintiff lessor sued defendant, assignee of the lessees, for certain instalments of rent and for remainder due on a demand arising upon agreement between lessor and lessees for remodeling the premises, a room in the Buhl building, Detroit. Defendant prevailed in a trial without a jury. Plaintiff has appealed.

The lease, made April 6, 1925, provides against assigning by the lessees without written consent of the lessor, with right of forfeiture for breach. The lessees, Stephens and VanPoperin, in September, 1925, assigned all interest under the lease to defendant, a corporation. It occupied the premises and paid rent until November, 1930, and occupied without paying rent during November and December, 1930, and January, 1931. The lessor did not expressly consent to the assignment. It accepted rent monthly for several years from defendant, but all invoices for rent or for other items were sent to lessees. Lessees wanted privity of contract between assignee and lessor, they to become merely guarantors. As late as May, 1929, lessor expressed willing-

ness to consent, only on condition that indebtedness to it be paid, but it was not paid. Lessor's conduct is consistent only with refusal of privity of contract with assignee. Doubtless lessor waived right to forfeit for the breach. Assignee held as such and not as upon a lease to it.

There was then no privity of contract between the parties, lessor and assignee of lessees, but there was privity of estate, for the assignee took lessees' whole interest in the demised premises and took and continued in possession, and paid rent.

The covenant to pay rent runs with the land, and assignee is liable thereon.

In *Lee* v. *Payne,* 4 Mich. 106, it is said:

"But an assignee of the lessee for the whole term is liable for the rent reserved in the original lease, or for any waste he may commit. The covenants to pay rent and keep the premises in repair, etc., run with the land, and it is well settled that an assignee, at common law, is liable upon any of the covenants of the lease, that run with the land."

See, also, *Darmstaetter* v. *Hoffman,* 120 Mich. 48. And from 36 C. J. p. 373:

"Where a lessee assigns his whole estate in all the demised premises, the assignee is liable to the lessor for the whole of the rent reserved in the lease, and it is immaterial that the lease provided that it should not be assigned without the consent of the lessor. To be effectual the assignment must be such that a privity of estate is created between the original lessor and the assignee, and it must be accepted by the assignee."

See, also, 18 Michigan Law Review, 284.

It follows that plaintiff was entitled to judgment for rent.

With respect to the claim for remodeling arising upon agreement between lessor and the lessees, les-

sor's studied course of conduct avoiding privity of contract with defendant, assignee of lessees, operates here to its disadvantage, for no novation or privity of contract in respect of this claim is found, as the trial judge correctly held. 36 C. J. p. 375. An argument is made upon a certain letter written to plaintiff, but it is not sustained. The elements of novation are well stated in *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276, and need not be repeated. We are, as to this claim, in accord with the trial court.

It follows that judgment is reversed as to the claim for rent, and remanded for judgment for plaintiff for the amount due. In other respects, judgment affirmed, costs to appellant.

There is here, too, an appeal from order dissolving attachment levied on defendant's furniture and equipment on the demised premises. The only point argued is on 3 Comp. Laws 1929, §§ 14811, 14812, permitting order restoring property to defendant, and on *Price* v. *Reed,* 20 Mich. 72, holding a circuit court commissioner without power to dissolve an attachment upon application of a defendant not entitled to have the property restored to him.

Defendant's lack of such right is asserted on a provision of the lease giving the lessor lien for security for rent and for performance by the lessees upon all goods, wares, fixtures, etc., put on the demised premises by the lessees, with right of enforcement similar to that employed in chattel mortgages.

None of this personal property was put on the premises by the lessees. All of it was taken there by defendant assignee.

The defendant assignee here became liable by privity of estate (not by privity of contract) on covenants that run with the land, including, as we

have seen, that to pay rent. The provision of the lease for lien on personal property of the lessees placed on the premises was personal, related to personal chattels, and did not run with the land. This provision, therefore, was not binding on the assignee of the lessees, as it was bound only on covenants running with the land. So plaintiff has no lien, under the provision of the lease, on the said personal property of defendant. 2 Underhill on Landlord and Tenant, § 642; 1 Tiffany, Landlord and Tenant, pp. 962–998; 2 Taylor's Landlord and Tenant (9th Ed.), § 437; 15 C. J. p. 1241; *Sloman* v. *Cutler, ante,* 372; note 52 L. R. A. (N. S.) 979; *Davidson* v. *Minnesota Loan & T. Co.,* 158 Minn. 411 (197 N. W. 833, 32 A. L. R. 1418); *Mayer* v. *Dwiggins,* 114 Neb. 184 (206 N. W. 744, 42 A. L. R. 1102); 17 Michigan Law Review, 512; 16 Michigan Law Review, 49.

Order affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.