BURGHARD v. DETROIT TRUST CO.

1. LANDLORD AND TENANT—ASSIGNMENTS—RENT—TAXES.
   Under an assignment of entire leasehold interest under 99-year lease by lessees to their trust mortgagee, latter would be liable to pay rent and taxes even without any express assumption on its part, since such covenants run with the land.

2. SAME—ASSIGNMENTS—WHAT CONSTITUTES.
   A transfer of all of a lessee's interest in a leasehold operates as an assignment.

3. SAME—TRUST MORTGAGES—ASSIGNMENT OF RENTS—MANAGEMENT.
   Instrument by means of which lessees and their assignee assigned rents and transferred management of leasehold interest under 99-year lease of business property to trust mortgagee who had started foreclosure suit *held*, not a transfer of entire interest of lessee, hence, not an assignment of the leasehold interest rendering transferee liable for rent in action therefor by landlord (3 Comp. Laws 1929, §§ 13498, 13499).

4. SAME—POSSESSION BY LESSEE'S MORTGAGEE—RENT.
   The mere fact of possession by mortgagee of lessee under a long-term lease is not determinative of the question of liability of the mortgagee for rent.

5. SAME—TRUST MORTGAGES—RENT—POSSESSION—PRINCIPAL AND AGENT.

In lessor's action against trust company, individually and as trustee under trust mortgage on 99-year leasehold interest of business property, for rent due for period trustee was in possession as agent of lessees who had assigned the rents and transferred the management to it with specific disposition of net income but not requiring payment of rent to lessors, plaintiffs are controlled by instrument transferring possession of property to trustee, hence, defendant is not liable for unpaid rent (3 Comp. Laws 1929, §§ 13498, 13499).

Appeal from Wayne; Moynihan (Joseph J.), J. Submitted October 25, 1935. (Docket No. 54, Calendar No. 38,572.) Decided December 10, 1935.

Assumpsit by Louise M. Burghard and others against Detroit Trust Company, a Michigan corporation, individually and as trustee for the Barlum Land & Improvement Corporation and John J. Barlum, for rent due under a lease. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Paul B. Moody* and *C. Upton Shreve,* for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for defendant.

BUTZEL, J. Plaintiffs are the owners of the lessor's interest in a 99-year lease, entered into by John J. Barlum, as lessee, of the property at the southeast corner of Broadway and Grand River avenues in Detroit, known as the Merchants Building. Barlum and wife in order to secure a bond issue of $1,250,000 gave Detroit Trust Company, as trustee for bondholders, a trust mortgage on the Lawyers Building, and on their leasehold interests in the Merchants Building and in three other valuable parcels of business property, all in Detroit. The

mortgage empowered the trustee in the event of default to enter, rent and manage the premises.

On February 9, 1931, default having been made by the lessees in carrying out their mortgage obligations, the trustees began chancery foreclosure. On April 1, 1931, lessors served notice upon the trustee that they would repossess themselves of the premises unless the default was cured within 30 days. On April 4, 1931, in an agreement between the mortgagors (the lessees), the Barlum Land & Improvement Corporation, hereinafter called the Barlum Company, which had become the owner of the leaseholds and property, and the Detroit Trust Company, as trustee, it was stipulated that the trustee should not sell the mortgaged properties at foreclosure sale until November 1, 1932, unless it should be dispossessed of the properties, or any of them, prior to that time. The instrument of assignment expressly stated that the Barlum Company desired to be relieved of the responsibility of management and collection of the rents of the properties covered by the mortgage and of paying the expenses of upkeep and had requested the trustee to undertake such duties and responsibility, and in consideration of the agreement of the trustee to perform said duties, and as additional security for the indebtedness secured by the mortgage, it did assign to the trustee the rents, tolls, issues and profits of the mortgaged property as contemplated by Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). It further provided that the rents collected were to be applied to the payment of current operating expenses, insurance and repairs, to the payment of taxes and assessments levied against the premises and to all sums due on the bonds secured by the mortgage and/or to any deficiency that might remain following fore-

closure and sale of the mortgaged premises; that if the trustee should advance money for repairing or altering buildings, or for the payment of taxes or any other expenses, it should have a lien upon the mortgaged premises for such amount; that the trustee was to have the right to make leases in its own name upon such terms and rentals as it might deem proper. Neither assignments of the leaseholds nor deeds to the properties were given to the trustee. The agreement contained no provision for the payment of any surplus moneys to the mortgagors or their successor, the Barlum Company, or reassignment of any leases at any time. In a contemporaneous agreement also dated April 4, 1931, it was also agreed that such rents as the trustee might deem it desirable to pay on account of the mortgaged leaseholds were to be considered as current operating expenses, also that monthly operating statements were to be furnished by the trustee to the Barlums and the Barlum Company.

The trustee took possession of the property and operated it from April 7th to August 31, 1931, during which period it collected $17,363.66 in rents, paid $8,123.09 for operating expenses and used the balance in connection with the other properties of the mortgage trust. It paid no rent to the lessors or any taxes on the property during the period of possession. Negotiations between the trustee and some of the plaintiffs towards a readjustment of the rentals under the lease resulted in naught. On August 31, 1931, the trustee abandoned the property to the plaintiff owners in accordance with a written notice given on August 29, 1931.

Plaintiffs brought suit against the trust company individually and as trustee under the mortgage. They seek to recover the sum of $10,000 for rent for five months during which they claim the trustee was

in possession for the benefit of its mortgage trust and thus became liable for the rent and taxes during the period of possession; that the mortgage trustee could not take possession of the mortgaged leasehold and enjoy the benefits of rents therefrom free from any burden of paying rent or otherwise complying with the covenants of the lease during possession. The trustee maintains on the other hand that it was merely an agent of the Barlums and the Barlum Company and only agreed to manage the premises and apply the net income in accordance with the management agreement and it, therefore, did not become liable on the covenants to pay rent and taxes.

If the transaction in the instant case constituted an assignment to the mortgagee of the entire leasehold interest, the mortgagee would be liable on the covenants to pay rent and taxes, even without any express assumption on its part. The rule is well established in Michigan that the covenant to pay rent and taxes runs with the land and an assignee of an entire leasehold interest is liable on such covenant. *Lee* v. *Payne,* 4 Mich. 106; *Darmstaetter* v. *Hoffman,* 120 Mich. 48; *Buhl Land Co.* v. *Franklin Co.,* 258 Mich. 377. Where all of the lessee's estate is transferred, it would be construed as an assignment. *Craig* v. *Summers,* 47 Minn. 189 (49 N. W. 742, 15 L. R. A. 236); 1 Tiffany, Landlord and Tenant, pp. 907, 908. However, there was not a transfer of the entire estate owned by the lessees, because even after the assignment of rent and management agreement, there was still outstanding the interest of the mortgagors and their assignee of the leasehold. Plaintiffs, however, contend that the trustee, as mortgagee of a leasehold interest, upon taking possession of the mortgaged premises, became liable on the running covenants. We are indebted to coun-

sel of the respective parties for learned and most comprehensive briefs showing the law and its development in this country and England on this particular rule. Our attention is called to what are termed the English, New York and California rules. It is unnecessary to discuss them or go that far afield for the question was but recently squarely passed upon by our court. In this State, the mere fact of possession by the mortgagee is not determinative of the question of liability. The correct rule as to the liability of the mortgagee in possession was stated by Mr. Justice NORTH, speaking for the court, in *Cleveland* v. *Detroit Trust Co.*, 264 Mich. 253, as follows:

"The rights and liabilities of the respective parties are controlled by the construction which must be placed upon the agreement between the trustees of the Palms estate (mortgagor) and defendant (mortgagee). If, as appellant (lessor) insists, the transaction amounted to an assignment of the leasehold interest to defendant, then it is liable under the lessee to plaintiff for unpaid rentals. If, on the other hand, in all it did the trust company was merely acting as the agent of the lessees (mortgagors) in an attempt as their agent to operate the property and apply the net proceeds on the bonded indebtedness without any intent or purpose to take over any actual vested interest in the leasehold, then there was no assignment, but only the relationship of principal and agent."

Also, see *Detroit Trust Co.* v. *Mortensen, ante,* 407.

The objective intent of the parties instead of the mere possession is the decisive factor. In the instant case, the mortgagee did not take possession as owner in its own right; it agreed to give the mortgagors monthly accountings of operating expenses; the rents were assigned not absolutely, but as additional

security in accordance with Act No. 228, Pub. Acts 1925; it was further provided that if the mortgagee should advance money for repairs, etc., it should have a lien; the mortgagee was exculpated from liability, where not caused by any breach of duty. The agreement distinctly stated that it was a management agreement and there was no provision for crediting the value, if any, of the leasehold on the mortgage which also covered the fee to the Lawyers Building in Detroit as well as three other leaseholds.

The trial court reached this conclusion and the judgment in favor of defendants is affirmed, with costs.

POTTER, C. J., and TOY, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.