WEATHERWAX INVESTMENT COMPANY v PPG INDUSTRIES, INC

1. LANDLORD AND TENANT—LEASE—ASSIGNMENT—OBLIGATIONS AND RIGHTS.

A three-party agreement, between a landlord, his tenant, and a third party, which substituted the third party for the original lessee for a portion of the leased premises and transferred all of the lessee's interest and estate as to that portion, constitutes an assignment, and invested the assignee with all the obligations and rights of the former lessee where not expressly excluded and within the power of the assignor to give.

2. LANDLORD AND TENANT—LEASE—ASSIGNMENT—RENEWAL RIGHTS.

A party which assumes the position of an original lessee under the terms of a lease succeeds to the renewal rights of the original lessee provided under that lease.

3. LANDLORD AND TENANT—LEASE—ASSIGNMENT—WRITTEN CONSENT.

The concurrent execution by the landlord of an agreement whereby a third party was substituted for the original lessee supplied the "prior written consent" required by the original lease for a valid assignment of the leasehold.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 October 3, 1972, at Lansing. (Docket No. 13303.) Decided October 26, 1972.

Complaint by Weatherwax Investment Company, doing business as Paka Plaza, against PPG Industries, Inc., for a declaratory judgment to determine renewal option rights under a lease. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 49 Am Jur 2d, Landlord and Tenant § 391 *et seq.*
[2] 50 Am Jur 2d, Landlord and Tenant §§ 1194, 1198.

*Rosenburg, Painter, Stanton & Bullen,* for plaintiff.

*Anderson, Patch, Rosenfeld, Potter & Grover,* for defendant.

Before: QUINN, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

QUINN, P. J. This is an action for a declaratory judgment (GCR 1963, 521) to determine renewal option rights under a lease. The case was submitted to the trial court on the basis of the pleadings, two agreements, and certain other exhibits containing correspondence and unexecuted drafts of the agreement and the memorandum of lease, without testimony or oral argument, but with written briefs from each side. The judgment of the trial court granted to defendant the lease renewal option rights. Plaintiff appeals.

By written lease dated September 6, 1961, plaintiff rented units 7 and 8 of its shopping center to Smith-Winchester Company. Paragraph 29 of the lease provided certain renewal options, and paragraph 13 permitted the assignment or subletting of the premises with the lessor's prior written consent. Subsequently, Smith-Winchester fell into difficulties and sought dissolution of its corporate form and defaulted on the lease. In an attempt to reduce its liability under the lease, Smith-Winchester arranged for defendant to rent one-half of the premises leased. In a three party agreement between Smith-Winchester, defendant and plaintiff, executed March 9, 1967, defendant was substituted for Smith-Winchester as lessee of the east half of the premises under the 1961 lease for the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

remainder of the term of the lease. Under this agreement, defendant was to pay rent directly to plaintiff, and "assume directly with Paka the obligations of lessee under the lease". Paragraph 29 of the lease, reciting the renewal option provision, was expressly incorporated into the agreement by reference and without modification.

Thereafter, defendant submitted a memorandum of lease to plaintiff for execution. Plaintiff refused to execute the memorandum because it provided for the renewal options in defendant's favor as set out in paragraph 29. Plaintiff claimed that in its negotiations for the agreement of March 9, 1967, it had specifically denied defendant any renewal options. Defendant continued to assert its claimed option rights and prior to the expiration of the option gave written notice of its election to renew the lease. This action followed.

Plaintiff argues that certain provisions in the 1967 three-party agreement, namely:

"Paka, as lessor, and Smith-Winchester, as lessee, under the date of September 6, 1961 entered into a certain lease, *which is still binding and in effect as to both parties,* * * * "

and that Paka agrees:

"to accept Pittsburgh as substitute lessee * * * without releasing Smith-Winchester from its underlying obligations to pay full rent under the terms of the original lease,"

operated to retain Smith-Winchester as sole party entitled to exercise the renewal option. Plaintiff further argues that at most, defendant is a cotenant with Smith-Winchester and able to exercise the option only in conjunction with Smith-Win-

chester, who, it was stipulated, at no time attempted to exercise the option.

This argument places a strained construction on the agreement which stated that defendant would take possession of the east half of the premises and that having taken possession, PPG "shall thereupon assume as to Paka the position of lessee and Paka shall assume as to Pittsburgh the position of lessor under the terms of said lease". The three-party agreement expressly retained the renewal option of the lease. By agreeing to substitute PPG as lessee of the east half of the premises for the remainder of the term, Smith-Winchester transferred all of its interest and estate as to that portion of the leased premises to PPG. Such a transfer constitutes an assignment under the law, *Burghard v Detroit Trust Co,* 273 Mich 629, 633 (1935).

The assignment of the lease interest in this case invested the assignee with all the obligations and rights of the former lessee where not expressly excluded and within the power of the assignor to give, *Plaza Investment Co v Abel,* 8 Mich App 19, 25, fn 6 (1967).

We hold that when defendant succeeded to the interest of Smith-Winchester in the east half of leased premises "assuming the position of lessee under the terms of the lease", it succeeded to the renewal rights provided under the lease. Incorporation of the renewal option provision of paragraph 29 of the original lease in the 1967 agreement merely served to reinforce that succession.

By its concurrent execution of the 1967 agreement, plaintiff supplied the prior written consent required by paragraph 13 of the original lease for a valid assignment of the leasehold and it cannot be heard to complain on that score.

Our examination of this record and the briefs leads us to conclude, as did the trial court, that defendant having exercised its option to renew the lease as it was entitled to do under the 1967 agreement is entitled to the extension provided therein.

Affirmed with costs to defendant.

All concurred.