HERTZ CORPORATION v VOLVO TRUCK CORPORATION

Docket Nos. 158956, 159140. Submitted November 3, 1994, at Detroit. Decided April 21, 1995, at 11:25 A.M. Leave to appeal sought.

Carole L. Chiamp, personal representative of the estate of Claes A. Wadenby, brought a wrongful death action in the Wayne Circuit Court against Hertz Corporation and Soren G. Udd in connection with the decedent's death in an automobile accident in Detroit. Wadenby and Udd, employees of Volvo Truck Corporation, were in Detroit to attend a convention of automotive engineers on behalf of Volvo. At the time of the accident, Wadenby was Udd's passenger in an automobile that Udd had rented from Hertz. Hertz settled the claim and brought a third-party action against Volvo and a cross-claim against Udd for the portion of the settlement that exceeded Hertz' insurance coverage, contending that Volvo and Udd were liable under the indemnification provision of the rental agreement executed by Udd as Volvo's agent. The court, Louis F. Simmons, J., on the basis of a stipulated record, entered a judgment for Hertz with respect to its claims against Volvo and Udd. Volvo and Udd appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that Udd was acting as Volvo's agent in signing the rental agreement. A reasonable finder of fact could infer from the stipulated facts that Udd was authorized to obtain a car to carry out Volvo's business and that he was to do so as Volvo's agent.

2. The worker's compensation act, which bars a claim of contribution against an employer or coemployee for payment of injuries sustained by an employee in the course of employment, does not bar Hertz' claim based on indemnification. Contribution and indemnification are separate and distinct.

Affirmed.

1. AGENCY — QUESTIONS OF FACT — ACTUAL AUTHORITY.

The existence and scope of an agency relationship are questions

REFERENCES
Am Jur 2d, Agency §§ 73-77; Workers' Compensation §§ 446-463.
See ALR Index under Agents and Agency; Workers' Compensation.

of fact; actual authority of an agent may be implied from circumstances showing that the principal actually intended the agent to possess the authority to enter into a transaction on behalf of the principal.

2. INDEMNIFICATION — WORKER'S COMPENSATION.

A claim of indemnification based on contract is not precluded by the provision of the Worker's Disability Compensation Act that bars claims for contribution against an employer or coemployee for payment of injuries sustained by an employee in the course of employment (MCL 418.131, 600.2925a; MSA 17.237[131], 27A.2925[1]).

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Frank W. Brochert*), for Hertz Corporation.

*William A. Joselyn* (*Bendure & Thomas,* by *Mark R. Bendure* and *Sidney A. Klingler,* of Counsel), for Volvo Truck Corporation.

*Martin, Bacon & Martin, P.C.* (by *Michael R. Janes*), for Soren G. Udd.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

PER CURIAM. Volvo Truck Corporation and Soren Gustov Udd, an employee of Volvo Truck, appeal as of right a judgment of the circuit court awarding Hertz Corporation $1 million as indemnification for expenses incurred as a result of an automobile accident involving a Hertz rental car. We affirm.

Udd and Claes Wadenby were citizens of Sweden and employees of Volvo Truck. In February 1989, the two men attended an automotive-engineering convention in Detroit on behalf of Volvo Truck. All expenses were covered by Volvo Truck. Upon their arrival in Detroit, Udd and Wadenby obtained a rental car from Hertz. Udd signed the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rental agreement and drove the vehicle. Shortly thereafter, the car was struck by another vehicle as Udd was making a left turn. The accident caused fatal injury to Wadenby.

In the underlying suit brought against Hertz by the personal representative of Wadenby's estate, Hertz settled for $2 million, half of which was covered by insurance. Hertz filed a cross-claim against Udd and a third-party complaint against Volvo Truck for the uninsured portion of the settlement, relying on the following indemnification provision in the car rental agreement:

> You and all Authorized Operators will indemnify and hold Hertz, its agents and employees harmless from and against any loss, liability and expense in excess of the limits of protection provided for above, arising, from the use of the Car by You or any authorized operators or with your, his or her permission.

In December 1991, the trial court granted Volvo Truck's motion for summary disposition under MCR 2.116(C)(8) and (10) with respect to Hertz' express indemnification claim on the ground that Volvo Truck was not a party to the car rental agreement.[1] The court did not address the allegation that Udd was acting as an agent of Volvo Truck. After several postponements of the bench trial date and a series of hearings and orders regarding Hertz' motion for reconsideration of the motion for summary disposition, the trial court set aside its grant of summary disposition in favor of Volvo Truck and found that Hertz was entitled to indemnification on the basis that Udd's signature bound Volvo Truck to the rental agreement. The court subsequently entered judgment for Hertz in

---

[1] The trial court also addressed Hertz' contribution claim and certain issues concerning personal jurisdiction.

November 1992. Although the hearing at which the trial court reached this decision was labeled a rehearing of Volvo Truck's motion for summary disposition, the trial court apparently was assuming the role of factfinder in a bench trial, basing its judgment on stipulated facts, a stipulated record, and trial briefs. We will review its decision accordingly. `

An appellate court reviews a trial court's findings of fact for clear error. A finding of fact is clearly erroneous only if there is no evidence to support it or if the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. *Tallman v Cheboygan Area Schools,* 183 Mich App 123, 126; 454 NW2d 171 (1990). Any question relating to the existence and scope of an agency relationship is a question of fact. *Norcross Co v Turner-Fisher Associates,* 165 Mich App 170, 181; 418 NW2d 418 (1987).

Volvo Truck claims that there was insufficient evidence to conclude that Udd was acting as its agent when he signed the rental agreement. We disagree.

Actual authority of an agent may be implied from the circumstances surrounding the transaction at issue. *Id.* These circumstances must show that the principal actually intended the agent to possess the authority to enter into the transaction on behalf of the principal. 3 Am Jur 2d, Agency, § 75, pp 578-580. Here, Hertz presented evidence from which a reasonable factfinder could infer that Udd signed the rental agreement as an agent of Volvo Truck. The stipulated facts reveal that Udd was on a business trip on behalf of Volvo Truck. The car rental reservation was made by a travel agency hired by Volvo Truck to set up comprehensive travel arrangements for Udd and Wadenby's

trip. Udd displayed a Volvo employee card upon signing for the rental car, and the rental agreement referred to a Volvo corporate identification number.[2] While the employee card and the corporate number did not belong to Volvo Truck, they still evidenced an understanding by all parties that Udd was renting the car as an agent or employee, not on his own behalf. All expenses were to be paid by Volvo Truck. These are facts from which the trier of fact could infer that Udd was authorized to obtain a car to carry out Volvo Truck's business and that he was to do so as the company's agent. While the arguments advanced by Volvo Truck indicate that the opposite inference also would have been plausible, they do not establish clear error in the trial court's findings.

Volvo Truck and Udd also argue that the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131), bars recovery on Hertz' indemnification claim or at least mandates a different apportionment of damages under contribution principles. While the WDCA bars a claim of contribution against an employer or coemployee for payment of injuries sustained by the employee in the course of employment, *Downie v Kent Products, Inc,* 420 Mich 197, 219; 362 NW2d 605 (1984); *Jones v General Motors Corp,* 136 Mich App 251, 257; 355 NW2d 646 (1984), Hertz' contribution

---

[2] Apparently, Udd's employee card and the identification number on the car rental agreement corresponded to Volvo AB, the parent corporation of Volvo Truck. The corporate discount agreement in which this identification number presumably appears was not entered into evidence. Absent such evidence, we agree with Volvo Truck that Hertz' reliance on the corporate contract is limited. Similarly, its reliance on the long history of car rentals by Volvo AB is also misplaced. However, the use of an employee card and a corporate identification number is relevant to the issue of agency. While it does not expressly tie Volvo Truck to the rental agreement, it does indicate that Udd was not acting in a personal capacity but rather as an agent for someone else, which the trial court properly inferred was his employer, Volvo Truck.

claim under MCL 600.2925a; MSA 27A.2925(1) was not the basis of the trial court's judgment. Rather, the trial court based liability on indemnification principles. Contribution and indemnification are separate and distinct claims. Because Hertz is entitled to contractual indemnification, contribution principles are inapplicable. See MCL 600.2925a(7); MSA 27A.2925(1)(7). With respect to Hertz' indemnification claim, the WDCA does not bar recovery. *Kenyon v Second Precinct Lounge,* 177 Mich App 492, 504; 442 NW2d 696 (1989).

Affirmed.