*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK FISHER,

        Plaintiff-Appellee,

v

U-WIN TOWING, LLC,

        Defendant-Appellant,

and

BRIAN BURFORD,

        Defendant.

UNPUBLISHED
March 3, 2020

No. 347347
Macomb Circuit Court
LC No. 2016-002833-CB

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right an order of judgment, after bench trial, in favor of plaintiff. On appeal, defendant argues that the trial court's findings in the bench trial were clearly erroneous and objectively unreasonable in light of the record and caselaw. Specifically, defendant challenges the trial court's finding that codefendant Brian Burford acted as an agent on behalf of defendant when entering into the lease for the premises at issue. We affirm.

## I. STATEMENT OF FACTS

This case arises out of an alleged lease agreement between plaintiff and Burford, with Burford purportedly acting within the scope of his authority as an agent of defendant. Burford, through defendant, provided towing services for several years to Sparky's Mobile Auto Repair (Sparky's), a business owned by plaintiff. Burford approached plaintiff and offered to enter into a lease agreement with plaintiff for premises also used by defendant. Plaintiff agreed. After several years of operating Sparky's at the premises, defendant changed the locks on the entrances to Sparky's without notice to plaintiff, and plaintiff was prevented access. Plaintiff was unable to

enter Sparky's premises or obtain items on the premises, such as his equipment and the equipment of Sparky's customers.

Plaintiff filed a complaint in Macomb Circuit Court against Burford and defendant for (1) violation of the anti-lockout statute, MCL 600.2918; (2) breach of the covenant of quiet enjoyment; (3) conversion; and (4) claim and delivery. A bench trial was held, during which Burford was voluntarily dismissed from the lawsuit. At the conclusion of the bench trial, the trial court entered judgment in favor of plaintiff with regard to violation of the anti-lockout statute, breach of the covenant of quiet enjoyment for the month that the lockout occurred, and common law conversion. Defendant filed a motion for reconsideration and a new trial, which was denied by the trial court. This appeal ensued.

## II. DISCUSSION

Defendant argues on appeal that the trial court clearly erred when it found that Burford acted on behalf of defendant when entering into the lease agreement with plaintiff. Specifically, defendant alleges that the finding was clearly erroneous because (1) plaintiff admitted a lack of personal knowledge as to whether Burford acted in his capacity as an agent of defendant, (2) there was no evidence provided at trial that defendant had a lease with the premises' owner, and (3) the affirmative defense stating that Burford acted in his capacity as an agent of defendant was effectively denied by plaintiff. Defendant thus claims that there was insufficient evidence to sustain the judgment in favor of plaintiff and that the trial court erred by denying his motion for directed verdict. Defendant additionally argues that the trial court erred by denying its motion for a directed verdict. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a judge's findings of fact in a bench trial for clear error, and its legal conclusions de novo. *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651-652; 662 NW2d 424 (2003). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Id.* at 652. Furthermore, "[a]n appellate court will give deference to the trial court's superior ability to judge the credibility of the witnesses who appeared before it." *Id.* (citation and quotation marks omitted); MCR 2.613(C).

When reviewing a challenge to the sufficiency of the evidence, this Court reviews "the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Taylor v Kent Radiology*, 286 Mich App 490, 499; 780 NW2d 900 (2009) (citation and quotation marks omitted). After reviewing the evidence, if "reasonable people could differ, the question is properly left to the trier of fact." See *Mull v Equitable Life Assurance Society*, 196 Mich App 411, 421; 493 NW2d 447 (1992).

Finally, "[w]e review de novo a trial court's decision on a motion for a directed verdict. A party is entitled to a directed verdict if the evidence, when viewed in the light most favorable to the nonmoving party, fails to establish a claim as a matter of law." *Aroma Wines & Equip, Inc v Columbian Distribution Services, Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015).

B.  BURFORD AS AGENT OF DEFENDANT

Parsing through the trial court's determination of Burford's purported role as an agent of defendant requires a consideration of agency principles.  Generally speaking, "the principal is bound by, and liable for, the agent's lawful actions performed under the auspices of the principal's actual or apparent authority." *Persinger v Holst*, 248 Mich App 499, 505; 639 NW2d 594 (2001). "It is well settled . . . that the existence and scope of an agency relationship are questions of fact . . . ." *Whitmore v Fabi*, 155 Mich App 333, 338; 399 NW2d 520 (1986).[1]  Furthermore, "[w]hen there is a disputed question of agency, if there is any testimony, either direct or inferential, tending to establish it, it becomes a question of fact." *St Clair Intermediate School Dist v Intermediate Ed Ass'n/Mich Ed Ass'n*, 458 Mich 540, 556; 581 NW2d 707 (1998) (citation and quotation marks omitted).

Both parties stipulated to the existence of a lease agreement with plaintiff for the premises, but differed in their allegations as to whether Burford acted in his personal capacity or in his business capacity as an agent of defendant in entering into the lease agreement.  Defendant bases its contention, in part, on plaintiff's testimony that plaintiff did not have any personal knowledge regarding the ownership of defendant.  The trial court found:

> Defendants now take the position that all relations between Plaintiff and Mr. Burford were in Mr. Burford's individual capacity. To conclude that a tenant could lease a space for business purposes at a business location for years without such arrangement being sanctioned by or on behalf of the LLC strains credulity. The Court is satisfied that Mr. Burford acted on behalf of U-Win Towing, LLC.

Defendant argues that because plaintiff always paid Burford or Burford's girlfriend, it was speculation and an unreasonable inference to find that rent for the premises was paid to defendant. But determining the identity of the owner of defendant does not resolve the question of whether Burford was acting as an agent of defendant when he entered into the lease agreement.  Regardless of who actually owned defendant, Burford could nonetheless have been acting as an agent for defendant when entering into the lease agreement and when accepting rent payments.

Similarly, defendant's assertion that there was insufficient evidence because plaintiff failed to present proof of who "had the primary lease," or who owned the premises subject to the lease agreement, is unavailing on the issue of whether Burford acted on defendant's behalf.  As the trial court noted, a party may lease a building for possessory ownership and then sublease it—becoming a landlord in relation to the sublessee—without having financial ownership of the property.  See generally *Riverbend Investors v Progressive Surface Preparation, LLC*, 255 Mich App 327, 334; 660 NW2d 373 (2003).  Therefore, ownership of the property was immaterial to whether a lease agreement could have existed between plaintiff and defendant.  Burford could theoretically have had a lease agreement with the owner of the premises on behalf of defendant, and then entered into

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

a sublease agreement with plaintiff on behalf of defendant. Alternatively, defendant could have been the party bound in a lease agreement with the premises' owner, and Burford could have acted as defendant's agent to enter into a sublease agreement with plaintiff. Either alternative would have subjected defendant to liability if Burford was shown to have been acting as an agent of defendant at the time of entering the agreement with plaintiff.

Defendant additionally asserts that the trial court erred in finding that "Plaintiff testified that the business location was for business purposes, that his relationship with Mr. Burford was a business one and not personal . . . ." Defendant highlights plaintiff's testimony that Sparky's last filed taxes as an entity in either 2011 or 2012, as well as testimony regarding the lack of a notation for rental payments on certain portions of Sparky's financial records, to claim that Sparky's "did not have any rental obligations as part of the business." Defendant also argues that, because plaintiff was not a licensed mechanic and state law requires a licensed mechanic to be involved in an automobile repair business, "[plaintiff's] contribution to [Sparky's] given the record evidence was his personal contribution of providing the mechanic a facility." Taken together, defendant's arguments appear to challenge the trial court's finding that plaintiff used the premises for business purposes, and thus that his relationship with Burford was a business relationship. The implication of defendant's argument presumably disputes the conclusion that Burford entered into the lease agreement in his capacity as representative of defendant.

Defendant's arguments are not supported by the record. Plaintiff provided testimony concerning his relocation of Sparky's to the premises, plaintiff's earlier longstanding business relationship with defendant on behalf of Sparky's, and the alleged rationale behind why rental payments were not noted in Sparky's financial records. Plaintiff's former employee testified regarding her employment at the time Sparky's was operating out of the premises. Even if the evidence discussed by defendant created a question of fact as to whether the premises was rented, or used, for business purposes and whether plaintiff's involvement in the lease agreement was business-oriented, the determination would necessarily be made on the basis of a credibility determination. This Court defers to "the trial court's superior ability to judge the credibility of the witnesses who appeared before it." *Ambs*, 255 Mich App at 652 (citation and quotation marks omitted); MCR 2.613(C). Furthermore, to the extent defendant alleges that Sparky's business records do not demonstrate a lease obligation on behalf of plaintiff, the argument cannot be considered, because the parties stipulated to the existence of a lease agreement with plaintiff concerning the premises. See *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001) ("A party cannot stipulate a matter and then argue on appeal that the resultant action was error.").

Defendant further argues that despite plaintiff's stated belief that the lease agreement was with defendant, plaintiff conceded that he lacked personal knowledge upon which to state his belief that he entered into a lease agreement with defendant. Defendant's argument mischaracterizes plaintiff's testimony. In response to questioning from the trial court, plaintiff admitted that he had no personal knowledge of whether Burford's girlfriend was the owner, or part-owner, of defendant. Yet plaintiff testified extensively to the basis for his belief that Sparky's entered into the lease agreement with defendant. Plaintiff testified that his belief was premised on his longstanding business relationship with Burford as a representative of defendant. Plaintiff noted that he "met [Burford] through U-Win Towing," that Burford "used to do towing for [plaintiff]" for a number of years at Sparky's previous location, and that he knew Burford "as U-Win Towing." Although

plaintiff admitted that they did not have an explicit conversation about whether the lease agreement would be with Burford or defendant, plaintiff stated that Burford solicited plaintiff by saying "[w]e have a building over here, if you need to go bigger." Plaintiff further stated that his business sign for Sparky's was placed on top of the premises' sign for defendant, and described Burford's relationship to defendant as "the main guy, [Burford] runs the whole operation."

Defendant did not dispute at trial, nor does it dispute on appeal, that Burford had an agency relationship with defendant. Additionally, "[w]hen there is a disputed question of agency, if there is any testimony, either direct or inferential, tending to establish it, it becomes a question of fact." *St Clair Intermediate School Dist*, 458 Mich at 556 (citation and quotation marks omitted). Ultimately, the trial court could infer on the basis of plaintiff's testimony, alleging that Burford provided towing services through defendant for plaintiff over several years, that an agency relationship existed in some regard between Burford and defendant. The resultant question was whether Burford acted on behalf of defendant specifically when entering into the lease agreement.

"The authority of an agent to bind a principal may be either actual or apparent." *Alar v Mercy Mem Hosp*, 208 Mich App 518, 528; 529 NW2d 318 (1995). "Actual authority of an agent may be implied from the circumstances surrounding the transaction at issue. These circumstances must show that the principal actually intended the agent to possess the authority to enter into the transaction on behalf of the principal." *Hertz Corp v Volvo Truck Corp*, 210 Mich App 243, 246; 533 NW2d 15 (1995) (citations omitted). "Apparent authority arises where the acts and appearances lead a third person reasonably to believe that an agency relationship exists. However, apparent authority must be traceable to the principal and cannot be established only by the acts and conduct of the agent." *Alar*, 208 Mich App at 528.

Plaintiff presented evidence from which a reasonable factfinder could infer that Burford had actual authority to enter into the lease agreement as an agent of defendant. Plaintiff conducted business with Burford for several years before entering into the lease agreement, and the business relationship had solely involved Burford acting as a representative of defendant. Throughout this relationship, plaintiff came to understand Burford was "the main guy" of defendant, and depicted Burford as the one who "runs the whole operation." When Burford offered the tenancy to plaintiff, it was explicitly delineated that Sparky's would reside in the building portion of the premises, while defendant would retain the yard. Defendant had a sign outside of the premises, and defendant admitted that it operated its business from the premises at issue. Defendant did not challenge any of these assertions, but nonetheless claimed that Burford was acting in his personal capacity when entering the lease agreement. Crucially, as the trial court noted, defendant is not a person but an LLC, which, practically, can only operate by and through its members and agents. In other words, to enter a lease agreement with defendant, plaintiff was *required* to negotiate with a person serving as an agent of defendant. Particularly because no evidence was provided to the contrary, the trial court could reasonably infer, on the basis of the circumstances denoted by plaintiff, that Burford had actual authority to enter into the lease agreement with plaintiff on behalf of defendant. And the trial court did so infer, stating "To conclude that a tenant could lease a space for business purposes at a business location for years without such arrangement being sanctioned by or on behalf of the LLC strains credulity. The Court is satisfied that Mr. Burford acted on behalf of U-Win Towing, LLC."

The next prong of the analysis is whether Burford was acting in his personal capacity or in his capacity as an agent of defendant when entering into the lease agreement. Considering the difficulty posed by understanding a party's state of mind, "questions concerning the state of one's mind, including intent, motivation, or knowledge can be proven by circumstantial evidence." *Bergen v Baker*, 264 Mich App 376, 387; 691 NW2d 770 (2004). Furthermore, "a prima facie case may be established using reasonable inferences provided sufficient evidence is introduced to take the inferences out of the realm of conjecture." *Yoost v Caspari*, 295 Mich App 209, 226; 813 NW2d 783 (2012). It was reasonable to infer that Burford intended to enter into the agreement in his capacity as an agent, because there had been a relationship for many years which was solely a business relationship in nature. The business relationship involved the lease arrangement for maintaining a business presence for defendant at the premises; and the fact that Burford was "the main guy" who "runs the whole operation." On the basis of this circumstantial evidence, and viewed in the light most favorable to plaintiff, it was not clear error for the trial court to find that Burford acted on behalf of defendant when entering into the lease agreement with plaintiff.

Defendant additionally challenges plaintiff's contention that one of defendant's affirmative defenses, which stated that Burford at all relevant times acted on behalf of defendant, constituted a pleading that was effectively binding on defendant. We decline to address this issue, however, because the trial court did not rely on defendant's affirmative defense to find that Burford acted as defendant's agent in leasing the property to plaintiff. Furthermore, the trial court clearly stated its awareness that the affirmative defense was not binding upon defendant and delineated the separate testimonial evidence upon which it based its determination.

With respect to the trial court's finding that Burford acted on behalf of defendant when entering into the lease agreement with plaintiff, a review of the record does not result in a definite and firm conviction that a mistake has been made. *Ambs*, 255 Mich App at 651-652. The trial court did not clearly err in this finding. Furthermore, when viewing the evidence in the light most favorable to plaintiff, Burford acted as defendant's agent when he entered into the lease agreement with plaintiff. Thus, the trial court did not err when it denied defendant's motion for a directed verdict.

III. CONCLUSION

Affirmed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel